T.C. Memo. 2007-159


UNITED STATES TAX COURT


JOHN BALLARD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4307-07L.                    Filed June 20, 2007.


P filed a petition and motion to restrain
assessment on the same date.  As a basis for his motion
to restrain assessment, P asserts that R instructed P's
employer to change the withholding status on P's Form
W-4, Employees Withholding Allowance Certificate,
without providing P a remedy to challenge R's actions.
P asserts that R's instructions to P's employer
constitute a collection action and that R failed to
comply with the provisions of sec. 6330(a), I.R.C.[1]

The Court issued an order to show cause why this
case should not be dismissed for lack of jurisdiction
on the grounds that no notice of deficiency or notice
of determination has been sent to petitioner which
confers jurisdiction on this Court.  R asserts that no
notice of deficiency or notice of determination was

_____

[1] All section references are to the Internal Revenue Code,
as amended, unless otherwise indicated, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

issued to P and therefore the Court is without jurisdiction to consider P's motion to restrain assessment.

Held: Since no notice of deficiency or notice of determination was issued in this case, the Court lacks jurisdiction.

Held further, the Court's order to show cause why this case should not be dismissed for lack of jurisdiction shall be made absolute.

John Ballard, pro se.

Benjamin J. Peeler and Mark Cottrell, for respondent.

MEMORANDUM OPINION

PANUTHOS, Chief Special Trial Judge: This matter is before the Court on (1) petitioner's Motion to Restrain Assessment, and (2) the Court's Order to Show Cause why this case should not be dismissed for lack of jurisdiction on the grounds that no notice of deficiency or notice of determination has been sent to petitioner which confers jurisdiction on this Court.

Background

A petition was filed with this Court on February 15, 2007. Petitioner asserts that respondent instructed his employer to change the withholding status on his Form W-4, Employee's Withholding Allowance Certificate, without providing petitioner with a remedy to challenge respondent's actions. Petitioner contends that respondent's proposed change to his withholding

status is unlawful[2] because such change is a collection action taken without issuing the required notice under section 6330(a). Petitioner attached to the petition Internal Revenue Service (IRS) Letter 2801(CG) (Employee Copy),[3] dated September 13, 2005, which states:

> Why Are We Writing to You?
> We are writing to you because, based on the information we have, the amount of income tax withheld from your paycheck will not adequately cover your income tax liability as required by Internal Revenue Code (IRC) Section 3402.

---

[2] Employers are required under the Internal Revenue Code to withhold taxes from employees' earnings. Secs. 3401 and 3402. Furthermore, under sec. 31.3402(f)(2)-1T(g)(2), Temporary Employment Tax Regs., 70 Fed. Reg. 19696 (Apr. 14, 2005), the Commissioner may review withholding certificates to determine if the certificates are truthful and valid. The Commissioner has authority under the regulation: "to review withholding certificates for compliance with the internal revenue laws and to declare invalid those certificates found not to be in compliance." Stonecipher v. Bray, 653 F.2d 398, 402-403 (9th Cir. 1981) (interpreting prior version of regulations, but the premise remains valid); see sec. 31.3402(f)(2)-1T(g)(2), Temporary Employment Tax Regs., supra. If a person fails to submit a valid withholding form, the regulations require that "the employer shall withhold from the employee as from a single person claiming no exemptions." Sec. 31.3402(f)(2)-1(e), Employment Tax Regs. Sec. 31.3402(f)(2)-1T(g)(2), Temporary Employment Tax Regs., supra, provides procedures whereby the IRS may implement a reduction in the number of withholding exemptions permitted to an employee. Sec. 31.3402(f)(2)-1T(g)(2)(vi), Temporary Employment Tax Regs., supra, provides procedures for an employee to administratively change his or her withholding. There is no evidence that petitioner followed these procedures.

[3] In other situations, the Commissioner has issued IRS Letter 2800C which is substantially similar to, and is issued for the same reason as, IRS Letter 2801(CG).

What Instructions Did We Give Your Employer?
We instructed your employer to disregard your Form W-4, Employee's Withholding Allowance Certificate, and withhold tax from your paycheck as follows:

        Filing Status:      Single
        Allowances:         0

In addition, we have instructed your employer not to honor a new Form W-4 from you, unless the filing status and allowances you claim do not result in less withholding than the filing status and allowances shown above.

What Does the Change to Your Filing Status and Allowances Mean?  This change in your filing status and allowances will mean an increase in the amount withheld from your paycheck.

What Can You Do If You Disagree?
-       If your circumstances have changed your filing status and your number of allowances, you may (1) complete the enclosed Form W-4, including the worksheet on the back, (2) include a written statement and any supporting documentation to justify your filing status and your number of allowances, and (3) return it to us within 30 days from the date of this letter.

-       If you're claiming exemption from withholding, (1) complete the enclosed Form 6450, Questionnaire to Determine Exemption from Withholding, (2) return it with your completed Form W-4, and (3) include your telephone number and the hours we can reach you.

-       In either case if we do not hear from you within 30 days from the date of this letter, your employer has been instructed to withhold at the rate shown above.

Can My Employer Change My Filing Status or Increase My Allowances?  Your employer cannot change your filing status or increase your allowances until they receive written notice from us.  The Internal Revenue Code (IRC) Section 3402 requires employers to withhold tax. If the statement and documentation that you send to us

justifies the filing status and allowances on your new
Form W-4, we will instruct your employer to withhold on
the basis of your new Form W-4.

What If You Have More Questions?
If you have any questions, you may call TAX EXAMINER
ID* 8900000, on weekdays between 7:00 a.m. and 4:30
p.m. Pacific Standard Time at 1-866-794-0059.  This is
a toll-free telephone number.  We've enclosed Notice
853, Form W-4 Privacy Act Notification, for your
convenience.

On February 15, 2007, petitioner filed a Motion to Restrain in which he seeks injunctive relief pursuant to sections 6213(a)[4] and 6330(a) by having the Court:  (1) Order respondent to withdraw the Letter 2801(CG); (2) reinstate petitioner's filing status and allowance as shown on his last Form W-4 before respondent issued the Letter 2801(CG) or allow petitioner to file a new Form W-4 to correct respondent's change in petitioner's withholding status; and (3) order respondent to reimburse petitioner for any damages that were unlawfully collected pursuant to Letter 2801(CG).

The Court issued an Order setting petitioner's motion to restrain assessment for hearing at the Motions Session in Washington, D.C.  The Court noted that no notice was attached to the petition which would permit petitioner to invoke the Court's jurisdiction.  Accordingly, the Court ordered the parties to show

---

[4]  Sec. 6213(a) provides for a restriction on assessment in the event that a notice of deficiency is mailed to a taxpayer. There is no evidence in this case that a notice of deficiency was mailed to petitioner.

cause in writing why this case should not be dismissed for lack of jurisdiction on the ground that respondent has not issued to petitioner a notice of deficiency or notice of determination that would permit petitioner to invoke the Court's jurisdiction.

In his response, respondent stated that a search of respondent's records revealed no evidence of a notice of deficiency or notice of determination being issued to petitioner, and thus, respondent contends the Court lacks jurisdiction in this case.  A hearing on petitioner's motion to restrain was held in Washington, D.C.  After the hearing the Court received and filed petitioner's Response to Respondent's Response to Order to Show Cause and Petitioner's Objection to Respondent's Objection to Petitioner's Motion to Restrain Assessment.

## Discussion

This Court can proceed in a case only if it has jurisdiction, and either party, or the Court sua sponte, can question jurisdiction at any time.  Stewart v. Commissioner, 127 T.C. 109, 112 (2006); Estate of Young v. Commissioner, 81 T.C. 879, 880-881 (1983).  We must have jurisdiction in order to consider the substantive merits of petitioner's motion.  See Stewart v. Commissioner, supra.  We must decide whether we have jurisdiction if it appears that we may not have jurisdiction. Id.; Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C.

177, 179 (1960). Thus, the threshold issue for decision is whether this Court has jurisdiction in this case.

The Tax Court is a court of limited jurisdiction, and we may exercise that jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Petitioner contends that this Court has jurisdiction in this case to review a collection action under section 6330.

Section 6330 entitles a taxpayer to notice of the taxpayer's right to request a hearing before certain levy actions are taken by the Commissioner in furtherance of collection from the taxpayer of unpaid Federal taxes. If a hearing is requested, the Appeals officer conducting the hearing must verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1). The taxpayer requesting the hearing may raise "any relevant issue relating to the unpaid tax or the proposed levy". Sec. 6330(c)(2)(A). The taxpayer may raise challenges "to the existence or amount of the underlying tax liability", however, only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B). Following the hearing, the Appeals officer must determine whether the collection action is to proceed, taking into account the verification the Appeals officer has made, the issues raised by the taxpayer at the hearing, and

"whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the * * * [taxpayer] that any collection action be no more intrusive than necessary."  Sec. 6330(c)(3).

The Court's jurisdiction under section 6330 depends upon the issuance of a valid notice of determination and the filing of a timely petition for review.  Sec. 6330(d)(1); see Orum v. Commissioner, 123 T.C. 1 (2004), affd. 412 F.3d 819 (7th Cir. 2005); Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Moorhous v. Commissioner, 116 T.C. 263, 269 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000); see also Rule 330(b). Thus, in the absence of a notice of determination, this Court lacks jurisdiction.

Petitioner attached to his petition IRS Letter 2081(CG). Petitioner contends that IRS Letter 2081(CG) constitutes a valid notice of determination that confers jurisdiction on this Court under section 6330.  We disagree because none of the events described in section 6330 that lead to a determination which we have jurisdiction to review have occurred.  There has been no notice of a right to a hearing, no timely request for hearing, and no determination with respect to the hearing or request for hearing as required by section 6330.  A description of a notice of determination is found in section 301.6330-1(e)(3), Q&A-E8(i), Proced. & Admin. Regs., which provides:

Q-E8. How will Appeals issue its determination?

A-E8. (i) Taxpayers will be sent a dated Notice of Determination by certified or registered mail.  The Notice of Determination will set forth Appeals' findings and decisions.  It will state whether the IRS met the requirements of any applicable law or administrative procedure; it will resolve any issues appropriately raised by the taxpayer relating to the unpaid tax; it will include a decision on any appropriate spousal defenses raised by the taxpayer; it will include a decision on any challenges made by the taxpayer to the appropriateness of the collection action; it will respond to any offers by the taxpayer for collection alternatives; and it will address whether the proposed collection action represents a balance between the need for the efficient collection of taxes and the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.  The Notice of Determination will also set forth any agreements that Appeals reached with the taxpayer, any relief given the taxpayer, and any actions the taxpayer or the IRS are required to take.  Lastly, the Notice of Determination will advise the taxpayer of the taxpayer's right to seek judicial review within 30 days of the date of the Notice of Determination.

None of these findings and decisions are set forth in IRS Letter 2081(CG).

Petitioner contends that application of the protections provided under section 6330 to withholding of income tax is clearly implied by Congressional intent.  We disagree.  There is nothing in the legislative history of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 685, that would indicate that Congress intended to include withholding of income tax as the type of collection action for which a hearing must be offered to the taxpayer.  We

conclude that the IRS Letter 2081(CG) is not a notice of determination under section 6330(d).  Thus, this Court lacks jurisdiction.

An appropriate Order dismissing this case for lack of jurisdiction will be entered.