OPINION
PER CURIAM.
Appellant Thomas Tuka, proceeding pro se, appeals the order of the Tax Court dismissing his petition for lack of jurisdiction. For the following reasons, we will affirm.
The parties’ underlying dispute stems from the issuance by the IRS of a “lock-in” letter to Tuka and his employer in 2006. By way of background, under the Withholding Compliance Program, the IRS reviews taxpayers’ claimed withholding allowances to see if excessive or improper allowances are being claimed. If an insufficient sum is being withheld, the IRS notifies the taxpayer’s employer — via “lock-in letter” — to begin withholding additional taxes 60 days after receipt of the letter. See I.R.M. ¶ 5.19.11.3.3(3). Employees who receive lock-in letters may *820 seek administrative reconsideration within 30 days of receiving the letter. See id.
Nine months after receiving the lock-in letter, Tuka filed a petition in the Tax Court, alleging that he was deprived of an administrative i*emedy to challenge the change in his withholding status, as the action constituted a levy which was conducted without the required Collection Due Process (“CDP”) proceedings provided for in I.R.C. § 6330 [26 U.S.C. § 6330].[1] Tuka also filed a motion to restrain the collection of any additional withholding taxes and refund any taxes already withheld. Because no formal notice of determination had been issued, the Tax Court ordered the parties to show cause why Tuka’s petition should not be dismissed. Ultimately, the Tax Court dismissed Tuka’s petition because no notice of determination had been issued by the IRS. Tuka now appeals that decision.
II
We have jurisdiction pursuant to 26 U.S.C. § 7482(a). Our review is limited to the propriety of the Tax Court’s decision, and we may not consider issues that were not part of the Tax Court proceeding or grant relief that would be beyond the power of the Tax Court itself. See IRC § 7482(a)(1), (c)(1); Comm’r v. McCoy, 484 U.S. 3, 6, 108 S.Ct. 217, 98 L.Ed.2d 2 (1987) (a “court of appeals lacks jurisdiction to decide an issue that was not the subject of the Tax Court proceeding”).
In dismissing Tuka’s petition, the Tax Court reasoned that it lacked jurisdiction because the IRS never issued a notice of determination. The Tax Court is a court of limited jurisdiction. See McCoy, 484 U.S. at 7, 108 S.Ct. 217. When a taxpayer invokes the protection of IRC § 6330, as Tuka did, the Tax Court’s jurisdiction “depends upon the issuance of a valid notice of determination by the IRS Office of Appeals and the filing of a timely petition for review.” Boyd v. Comm’r, 451 F.3d 8, 10 n. 1 (1st Cir.2006); see § 6330(d)(1) (a “person may ... appeal such determination to the Tax Coui*t”).
The IRS Office of Appeals will issue a notice of determination only after a taxpayer receives a CDP hearing to challenge an alleged deficiency. See § 6330(c)(3). The notice of determination, to be valid, must contain certain information prescribed by regulation: e.g., whether the IRS complied with laws and procedural requirements, whether and to what extent the taxpayer raised appropriate issues and/or defenses, and whether any proposed collection alternatives are acceptable. See Treas. Reg. § 301.6330-l(e)(3)(Q & A-E8(i)) (detailing the contents of a notice of determination). We agree with the Commissioner that the lock-in letter Tuka received does not constitute a notice of determination. See Davis v. Comm’r, 96 T.C.M. (CCH) 269, 272 (2008); Ballard v. Comm’r, 93 T.C.M. (CCH) 1394, 1396 (2007), aff'd, 310 Fed.Appx. 177 (9th Cir.2009) (unpublished opinion). Tuka never received a CDP hearing before the IRS Office of Appeals. Moreover, the lock-in letter, which merely explained that the IRS instructed Tuka’s employer to adjust his withholding status, contained none of the information required of a notice of determination.
Because the lock-in letter did not constitute a notice of determination,[2] we agree *821 that the Tax Court lacked jurisdiction over Tuka’s petition and we need not consider his other arguments on appeal. Accordingly, we will affirm the decision of the Tax Court.

. All provisions of the Internal Revenue Code are found in Title 26 of the United States Code.

. As the Government points out, see Commissioner's brief, 26-27, it appears that Tuka’s petition to the Tax Court would have been untimely if his lock-in letter had somehow constituted a notice of determination. We need not, and do not, rely on this ground. See McCoy, 484 U.S. at 6, 108 S.Ct. 217.