**Mark HANKIN, Appellant,**

v.

**UNITED STATES of America.**

No. 89–1549.

United States Court of Appeals, Third Circuit.

Argued Nov. 28, 1989.

Decided Dec. 15, 1989.

As Amended Jan. 4, 1990.

Thomas B. Rutter (argued), Rutter, Turner, Solomon & DiPiero, Philadelphia, Pa., for appellant.

Shirley D. Peterson, Richard Farber, Steven Parks (argued), Gary R. Allen, U.S. Dept. of Justice, Washington, D.C., for appellee.

Before SLOVITER and BECKER, Circuit Judges, and LIFLAND, District Judge.[*]

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

### I.

Appellant Mark Hankin appeals from an order by the district court denying his motion to vacate an earlier order of the court that dismissed without prejudice his complaint against the government as moot.

[*] Hon. John C. Lifland, United States District Judge for the District of New Jersey, sitting by designation.

Hankin asserts that the Internal Revenue Service (IRS) breached the stipulation reached by the parties that led to the earlier dismissal, which necessitates our vacating the earlier order.

## II.

This case began when Hankin received six notices from the IRS alleging that he owed penalties under sections 6700 and 6701 of the Internal Revenue Code (codified at 26 U.S.C.). Section 6700 imposes a penalty on any person who promotes an abusive tax shelter.[1] The penalty is the greater of $1,000 or 20% of the gross income derived from the activity at issue. Section 6701 imposes a penalty of $1,000 on anyone who aids and abets in the understatement of a tax liability.[2] Hankin was assessed $3,581,200 in penalties for the tax years ending December 31, 1984 and December 31, 1985.[3]

Under section 6703 of the Code, the taxpayer can litigate the merits of the penalties in district court if the taxpayer (1) pays fifteen percent of the penalties, (2) files for a refund, and (3) is refused the refund claim (or six months passes from the date the taxpayer files). During these proceedings, the IRS will not attempt a "levy or proceeding in court" to collect the rest of the penalty assessed. 26 U.S.C. § 6703 (1982).

Instead of following these standard procedures, Hankin filed a complaint in district court alleging a violation of his due process rights. He alleged that by paying fifteen percent of the penalties, he would be deprived of his property without "a pre-deprivation or prompt post-deprivation hearing," "without fair notice of the factual basis for the deprivation," and "without any adequate remedy at law." App. at 21. He asked that the court enjoin the IRS from requiring that he pay fifteen percent of the penalties to litigate and from collecting or levying the penalties. At a hearing held in the district court judge's chambers on November 29, 1988, the attorneys for both parties resolved the matter.

Because the penalties assessed against Hankin were divisible into separate portions or transactions, an IRS policy provides for reasonable forbearance with respect to collection. IRS Policy Statement, PS P-5-16 (approved Mar. 1, 1984). Pursuant thereto, the IRS agreed that if Hankin paid one penalty for one transaction for each of the years in question, he could follow the procedures outlined in section 6703 to litigate the merit of the assessment of all the penalties. The IRS agreed that it would "not attempt to collect the other penalties not brought into issue by the 15 percent jurisdictional payment absent [a]

---

1. (a) Imposition of penalty.—Any person who—
   (1)(A) organizes (or assists in the organization of)—
   (i) a partnership or other entity,
   (ii) any investment plan or arrangement, or
   (iii) any other plan or arrangement, or
   (B) participates in the sale of any interest in an entity or plan or arrangement referred to in subparagraph (A), and
   (2) makes or furnishes (in connection with such organization or sale)—
   (A) a statement with respect to the allowability of any deduction or credit ... or
   (B) a gross valuation overstatement as to any material matter,
   shall pay a penalty equal to the greater of $1,000 or 20 percent of the gross income derived or to be derived by such person from such activity. 26 U.S.C. § 6700 (1982 & Supp. II 1984).

2. (a) Imposition of penalty.—Any person—
   (1) who aids or assists in, procures, or advises with respect to, the preparation or presentation of any portion of a return, affidavit, claim or other document in connection with any matter arising under the internal revenue laws,
   (2) who knows that such portion will be used in connection with any material matter arising under the internal revenue laws, and
   (3) who knows that such portion (if so used) will result in an understatement of the liability for tax of another person,
   shall pay a penalty with respect to each such document in the amount determined under subsection (b).
   (b) Amount of penalty.—
   (1) In general.—Except as provided in paragraph (2), the amount of the penalty imposed by subsection (a) shall be $1,000.
   26 U.S.C. § 6701 (1982).

3. The breakdown for the penalties was as follows: for the tax year ending December 31, 1984, Hankin was assessed $1,400,500 under section 6700 and $84,000 under section 6701; for the year 1985, he was assessed $2,213,700 under section 6700 and $143,000 under section 6701.

jeopardy situation...." App. at 44. After the parties signified their agreement to this proceeding, the court dismissed the complaint without prejudice as moot on November 30, 1988, the same day Hankin paid the agreed-upon amount.

On December 2, 1988, Hankin received a notice from the IRS dated November 28, 1988, in which the IRS informed him that it had applied the overpayment of his 1987 taxes in the amount of $131,674.61 to the penalties assessed for the 1984 year. Hankin immediately amended his earlier complaint and filed a petition to enforce the settlement agreement. The district court treated the procedural posture of the case as if Hankin had moved to vacate the earlier order and denied the motion. It held that the setoff of Hankin's refund did not violate the agreement on the part of the IRS not to attempt to collect the other penalties and that the action did not violate IRS policy or section 6703 of the Code. Hankin appeals.

### III.

### A.

Hankin's first contention on appeal is that the setoff or application of his refund was an "attempt to collect" that violated the on-the-record agreement between him and the IRS. The district court looked at the IRS policy in determining that the setoff by the IRS did not constitute collection activity which the IRS had agreed to forbear. The IRS policy provides:

[w]hen a refund suit is pending on a divisible assessment, the Service will exercise forbearance with respect to collection provided that the interests of the government are adequately protected and the revenue is not in jeopardy. However, any refunds due the taxpayer may be credited to the unpaid portion of the liability pending the outcome of the suit.

I.R.S. Policy Statement PS P–5–16 (approved Mar. 1, 1984).

Under this policy, the IRS has the authority to setoff any refunds due. Furthermore, in the chapter entitled "collection,"

the Code does not refer to a setoff, see 26 U.S.C. ch. 64 (1982), thus supporting the IRS position that a setoff does not constitute "collection," a term of art in the tax context.

Moreover, our independent review of the record shows that the discussion between the parties at the hearing was in the context of Hankin's claim that he should not be required to expend the considerable sum that would be necessary to preserve his right to challenge the penalties were he required to pay fifteen percent of the total penalties. Indeed, Hankin himself describes the purpose of the stipulation as being "to permit litigation of the substantive issues concerning underlying tax liability *vel non* in the face of a significantly reduced prepayment." Appellant's brief at 28. That concern is not implicated by the IRS's exercise of its authority to apply refunds to amounts due from the taxpayer.

In light of the context of the discussion and the absence therein of any reference to setoffs, we conclude, both under a plenary review standard as well as the clearly erroneous standard the government believes is applicable, that the district court did not err in its determination that the setoff of Hankin's refund was not collection activity within the definition used by the Code and that the IRS action did not violate its agreement with Hankin.

### B.

Hankin also contends that the seizure of his overpayment of his 1987 taxes constituted a levy by the IRS. Section 6703 prohibits the IRS from instituting a "levy or proceeding in court" once a taxpayer has paid fifteen percent of the assessed penalties and instituted the procedure to determine the merits of the penalty. Hankin does not contend, for obvious reasons, that a setoff is a proceeding in court. Instead, he claims that a setoff falls within the Code definition of a "levy," hence the IRS's action violated section 6703.

We reject this contention. The fact that "[t]he term 'levy' includes the power of distraint and seizure by any means," 26

U.S.C. § 6331(b) (1982), does not mean that a setoff action is necessarily equated with a levy. The Code provisions distinguish between the two. In fact the Code requires that the IRS follow elaborate procedures before it can levy a taxpayer's property. *See, e.g.,* 26 U.S.C. § 6331(d) (1982) (levy may take place only after the Secretary gives the taxpayer ten day notice in writing); 26 U.S.C. § 6334(a) (1982) (certain property shall be exempt from levy); 26 C.F.R. § 301.6331–1 (1988) (regulations pertaining to levy).

In contrast to its levy power which is restricted as set forth above, the IRS has broad power to apply overpayments to a taxpayer's unpaid assessments. *See, e.g.,* 26 C.F.R. § 301.6402–1 (1988) ("[t]he commissioner ... may credit any overpayment of tax ... against any outstanding liability for any tax (or for any ... assessable penalty) owed by the person making the overpayment ..."); 26 U.S.C. § 6402 (1982) ("[i]n the case of any overpayment, the Secretary ... may credit the amount of such overpayment ... against any liability in respect of an internal revenue tax ..."). These provisions serve to reinforce the district court's legal conclusion that a setoff is not a levy. It follows that the offset applied by the IRS did not violate the provision of section 6703 proscribing a levy when the taxpayer litigates after payment of fifteen percent of the penalty.

## IV.

For the foregoing reasons, we will affirm the order of the district court.