T.C. Memo. 2007-176

UNITED STATES TAX COURT

JAMES GROVER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23598-06L.                    Filed July 3, 2007.

James Grover, pro se.

<u>John R. Mikalchus</u>, for respondent.


MEMORANDUM OPINION

THORNTON, <u>Judge</u>:  This case is before us on respondent's motion to dismiss for lack of jurisdiction.  As discussed below, we must grant respondent's motion.

## Background

On November 17, 2006, petitioner filed an imperfect petition, along with a motion to restrain assessment or collection, seeking to enjoin the Internal Revenue Service (IRS) from levying upon petitioner's property.[1] When he filed his petition, petitioner resided in Rhode Island.

Pursuant to the Court's order dated November 17, 2006, on December 1, 2006, petitioner filed an amended petition. In his amended petition, petitioner alleged that on October 9, 2006, the IRS had issued a notice that it was proceeding with a levy with respect to his 2002 income tax; a copy of the notice accompanied the amended petition. By way of assignment of error, the amended petition alleged that petitioner had never received any final notice of intent to levy and notice of his right to a hearing, as required under sections 6330 and 6331, and had never received any other request or demand for payment from respondent.[2]

Respondent filed an objection to petitioner's motion to restrain assessment or collection and concurrently moved to dismiss this case for lack of jurisdiction. As grounds for his motion, respondent stated that no notice of determination under section 6320 or 6330 was sent to petitioner and that respondent

---

[1] The envelope containing the imperfect petition bears a postmark of Nov. 16, 2006.

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended.

had made no other determination with respect to taxable year 2002 that would confer jurisdiction on this Court.

In his objection to respondent's motion to dismiss for lack of jurisdiction, petitioner agrees that no notice of determination was issued, laying the blame on respondent's failure to provide petitioner the opportunity for a hearing under section 6330. Asserting that he should not be "left at the mercy of the Respondent", petitioner urges this Court to "intervene and enjoin the erroneous and premature levy action taken by the Respondent".

In his response to petitioner's objection to respondent's motion to dismiss for lack of jurisdiction, respondent contends that a final notice of intent to levy and notice of the right to a hearing was mailed to petitioner's last known address on August 16, 2006.[3]

## Discussion

Section 6330 provides for notice and opportunity for a hearing before the IRS may levy upon the property of any person. Upon request, the person is entitled to an administrative hearing before the IRS Appeals Office. Sec. 6330(b)(1). If dissatisfied

---

[3] By order dated April 27, 2007, respondent's motion to dismiss for lack of jurisdiction was set for hearing at the Court's trial session scheduled to commence Sept. 17, 2007, in Hartford, Conn. We conclude that because respondent's motion may be decided on the basis of the undisputed facts in the record, no hearing is necessary.

with the Appeals Office determination, the person may seek judicial review in this Court within 30 days of the determination. Sec. 6330(d). Generally, any proposed levy action is suspended for the pendency of the hearing and any judicial appeals therein. Sec. 6330(e)(1).

Our jurisdiction in this action for injunctive relief arises, if at all, under section 6330(e)(1), which permits proceedings in the "proper court", including the Tax Court, to enjoin the "beginning of a levy or proceeding" during the period the levy action is suspended. With respect to such proceedings brought in the Tax Court, however, the Court has no jurisdiction to enjoin a levy unless a timely appeal has been filed under section 6330(d)(1) and then only in respect of the unpaid tax or proposed levy to which the determination being appealed relates. Sec. 6330(e)(1). Hence, our jurisdiction under section 6330(e)(1) to enjoin a levy depends on both a section 6330 determination and an appeal to this Court within 30 days of that determination. Sec. 6330(d)(1), (e)(1); Boyd v. Commissioner, 124 T.C. 296, 303 (2005), affd. 451 F.3d 8 (1st Cir. 2006).

The parties agree that respondent issued no notice of determination. Petitioner does not contend that respondent otherwise made any section 6330 determination. Cf. Chocallo v. Commissioner, T.C. Memo. 2004-152 (describing an order denying a motion to dismiss for lack of jurisdiction predicated on the

nonissuance of any notice of determination, where the Court had found that the taxpayer had received a "'determination' within the contemplation of section 6330" on the basis of "various discrepancies" in the transcripts of account).  But as suggested in Boyd v. Commissioner, supra at 303, even if we were to conclude that the notice of levy was "evidence of a concurrent section 6330 determination", we would be required to dismiss this case for lack of jurisdiction because petitioner did not file his petition until November 17, 2006, which was more than 30 days after the October 9, 2006, notice of levy.[4]

Accordingly, we must grant respondent's motion to dismiss for lack of jurisdiction.

> An order of dismissal
>
> for lack of jurisdiction will
>
> be entered.

---

[4] The notice at issue in Boyd v. Commissioner, 124 T.C. 296 (2005), affd. 451 F.3d 8 (1st Cir. 2006), was a notice of refund offset, which the taxpayers contended was a levy subject to the provisions of sec. 6330.  This Court concluded that it need not decide whether a refund offset constituted a levy subject to sec. 6330, because in any event the taxpayers had failed to satisfy the prerequisites for invoking the Court's jurisdiction under sec. 6330.  Affirming this Court's decision, the Court of Appeals for the First Circuit went on to decide that an offset is not a levy, to dispel any concern that "arbitrary administrative action" had wrongfully deprived the taxpayers of "pre-seizure procedural protections Congress sought to provide through section 6330."  Boyd v. Commissioner, 451 F.3d at 11.