

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-2008

# Vivenzio v. Comm IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3328

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Vivenzio v. Comm IRS" (2008). *2008 Decisions.* Paper 1019.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1019

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3328
_____

LAWRENCE F. VIVENZIO,
                                        Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

_____

On Appeal from the United States Tax Court
(Tax Court No. 9773-06L)
Tax Court Judge:  Honorable John O. Colvin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 11, 2008

Before:  SCIRICA, Chief Judge, HARDIMAN and STAPLETON, Circuit Judges

(Filed:  June 16, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Lawrence F. Vivenzio appeals, pro se, from the order of the United States Tax

Court dismissing his petition for lack of jurisdiction.  We will affirm.

In a letter dated May 5, 2006, the IRS Office of Appeals rejected the "offer in compromise" previously submitted by Vivenzio and his wife, Gloria E. Vivenzio (collectively "Vivenzios"), with respect to their unpaid federal income tax liabilities for the 1999 and 2000 tax years. On May 23, 2006, the Vivenzios filed a pro se petition for lien or levy action with the Tax Court, alleging that the Office of Appeals abused its discretion by denying their offer. They also filed a motion to restrain assessment or collection.

In addition to submitting an objection to the motion to restrain, the IRS moved to dismiss the entire case for lack of jurisdiction. It explained that the Tax Court possesses jurisdiction to review lien and levy collection actions under I.R.C. § 6320 and I.R.C. § 6330 only if the IRS issued a "notice of determination." According to the IRS, it never issued any notice of determination in this matter. The Tax Court subsequently ordered the IRS to file a response to the Vivenzios' objection to its dismissal motion and to provide tax history documentation by September 26, 2006. The IRS's response was filed on September 27, 2006, and it included both additional documentation as well as a declaration by Robert Green, a lead tax examiner. After reviewing the documentation, Green reiterated that no notice of determination was issued by the IRS. The Vivenzios then filed a motion to strike the IRS's September 27, 2006 submission because of its untimeliness.

The Tax Court entered an order dismissing the case for lack of jurisdiction and denying the motion to restrain assessment or collection. According to the Tax Court, its jurisdiction to review certain collection actions depends on the issuance of a notice of determination, and "there is nothing in the record to suggest that any such notices have of yet been issued to petitioners." (App. Doc. #1: Order and Order of Dismissal for Lack of Jurisdiction at 1.)

A timely notice of appeal was then filed with the United States Court of Appeals for the Federal Circuit. The Federal Circuit transferred this appeal to this Court, which has jurisdiction under I.R.C. § 7482(a)(1).

II.

Mr. Vivenzio challenges the Tax Court's dismissal of his case for lack of jurisdiction.[1] After considering the record on appeal as well as the parties' arguments, we conclude that the Tax Court was correct to dismiss this matter on jurisdictional grounds.

Congress has created a framework for "collection due process" (or "CDP") hearings. I.R.C. § 6330 governs the process for IRS levy actions against the property of delinquent taxpayers, and I.R.C. § 6320 applies to federal tax lien filings. Following the CDP hearing, the IRS Office of Appeals sends the taxpayer a notice of determination setting forth the basis for its decision and expressly addressing the relevant issues raised

---

[1] Although not mentioned by the parties, the notice of appeal in this matter was signed only by Lawrence Vivenzio and not by his wife, Gloria Vivenzio. Accordingly, this Court's docket identifies Mr. Vivenzio as the sole appellant, and we treat him as such.

3

by the taxpayer at the hearing. I.R.C. § 6330(c)(3). The taxpayer in turn "may, within 30 days of a determination under this section, appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." I.R.C. § 6330(d)(1); see also I.R.C. § 6320(c) (providing that I.R.C. § 6330(d)(1) also applies in lien context). The notice of determination issued by the Office of Appeals accordingly constitutes a jurisdictional prerequisite to seeking judicial review in the Tax Court. See, e.g., Boyd v. Comm'r, 451 F.3d 8, 10 & n.1 (1st Cir. 2006); Weber v. Comm'r, 122 T.C. 258, 263 (2004) (describing notice of determination as taxpayer's "'ticket' to the Tax Court"); Offiler v. Comm'r, 114 T.C. 492, 498 (2000).

In an apparent effort to satisfy the jurisdictional requirement, Mr. Vivenzio has turned to various documents in the administrative record, specifically: (1) statutory notices of intent to levy on state tax refunds; (2) a monthly statement showing a payment due under an installment agreement; (3) account statements notifying the Vivenzios that the IRS was offsetting federal tax overpayments against their tax liabilities and also that it reduced their 2000 liability on account of a statutory tax credit; and (4) the Office of Appeals letter denying their offer in compromise. Nevertheless, none of these documents is either a statutory notice of determination or otherwise points to the existence of such an administrative notice. The statutory framework itself distinguishes between notices of intent to levy, which allow a taxpayer to request a CDP hearing before the Office of Appeals, and subsequent notices of determination, which are issued by the Office of

4

Appeals after the hearing is conducted and allow the taxpayer to obtain judicial review.[2]

See I.R.C. §§ 6330(a), (b), (d).  Mr. Vivenzio provides no real support for his allegation

that the "unilateral" installment agreement, which he allegedly never signed, somehow

demonstrates the existence of an undisclosed and undocumented notice of determination.

The Tax Court also properly found that the IRS's offsetting does not constitute a levy.

See, e.g., Boyd, 451 F.3d at 11-13; Hankin v. United States, 891 F.2d 480, 482-83 (3d

Cir. 1989).  In fact, there is no indication in the record that the IRS ever actually levied on

the Vivenzios' property or filed a lien notice against them.  Finally, the IRS's rejection of

their offer to compromise, evidently made outside of the context of CDP proceedings,

does not rise to the level of a statutory notice of determination.

Under the circumstances, the Tax Court properly accepted the IRS's contention,

supported by both ample documentation as well as a lead tax examiner's declaration, that

the agency never issued a notice of determination.  Furthermore, the Tax Court did not

otherwise possess jurisdiction over a challenge to the IRS's denial of a free-standing offer

in compromise.  The Tax Court generally possesses only such jurisdiction as is expressly

conferred upon it by Congress.  See, e.g., I.R.C. § 7442 (specifying jurisdiction of Tax

---

[2]  In addition, the procedural protections provided by I.R.C. § 6330 do not apply when the IRS "has served a levy on a State to collect a Federal tax liability from a State tax refund."  I.R.C. § 6330(f)(2).  The taxpayer is nevertheless provided "the opportunity for the hearing described in this section within a reasonable period of time after the levy."  Id. § 6330(f).  According to the lead tax examiner's declaration, the notices of intent to levy on the Vivenzios' state tax refunds were never actually executed.

5

Court); Comm'r v. McCoy, 484 U.S. 3, 7 (1987) (per curiam) ("The Tax Court is a court of limited jurisdiction and lacks general equitable powers." (citation omitted)).  It does have the authority to consider the IRS's rejection of a taxpayer's proposed collection alternatives, such as an offer in compromise, as part of its review of an underlying notice of determination.  See, e.g., I.R.C. §§ 6330(c)(2)(A)(iii), (c)(3)(B), (d)(1); Fifty Below Sales & Mktg., Inc. v. United States, 497 F.3d 828, 830 (8th Cir. 2007); Olsen v. United States, 414 F.3d 144, 150 (1st Cir. 2005).  However, "the handling and processing of an offer in compromise *not* submitted in conjunction with a CDP hearing is *not subject to judicial review at all*."  Olsen, 414 F.3d at 156 (emphasis added) (citation omitted).  Because the offer made by the Vivenzios was "not submitted in conjunction with a CDP hearing," the Tax Court lacked jurisdiction to review the denial of this offer.[3]

Finally, we must reject Mr. Vivenzio's unsupported constitutional claims.  By holding that it lacked jurisdiction because of the absence of a notice of determination, the Tax Court essentially determined that the current case was *premature*.  If the IRS wishes in the future to proceed with a levy or lien collection action, Mr. Vivenzio will apparently have the opportunity to request administrative and possibly judicial review of the

---

[3]  Mr. Vivenzio appears to argue that the Eighth Circuit's decision in Speltz v. Commissioner, 454 F.3d 782 (8th Cir. 2006), recognized "an alternative basis" for the Tax Court's jurisdiction over the denial of the offer in compromise.  (Appellant's Reply Br. at 3.)  However, unlike in the present proceedings, the taxpayers in Speltz filed their Tax Court petition *after* the IRS Office of Appeals conducted a CDP hearing and issued a notice of determination sustaining the underlying lien filing and rejecting the taxpayers' offer in compromise.  Id. at 783.

collection action in accord with the applicable requirements for seeking relief from either the IRS Office of Appeals or the Tax Court. In the end, the Tax Court's jurisdictional ruling in this case did not "deprive taxpayers of a remedy against arbitrary administrative action."[4] Robinson v. United States, 920 F.2d 1157, 1161 (3d Cir. 1990) (allowing quiet title action challenging procedural irregularity of tax lien to proceed in district court where failure to send notice of deficiency denied taxpayers opportunity to obtain review in Tax Court).

III.

For the foregoing reasons, we conclude that the Tax Court properly dismissed the action for lack of jurisdiction. Accordingly, we will affirm. We also deny Mr. Vivenzio's request for oral argument.

---

[4] We likewise must reject Mr. Vivenzio's apparent assertions that the Tax Court violated his due process and equal protection rights by allegedly failing to order production of the alleged installment agreement and by not granting the motion to strike the IRS's September 27, 2006 submission as untimely. It appears that the Tax Court properly determined that the discovery motion was premature given the preliminary stage of the proceedings and its manifest lack of subject-matter jurisdiction. Furthermore, the IRS did produce documentation in the Tax Court proceedings, and it addressed the installment agreement and its supposed effects on jurisdiction in some detail. It therefore cannot be said that Mr. Vivenzio suffered substantial prejudice from the Tax Court's apparent refusal to consider a motion to compel. Similarly, although the IRS's response was in fact filed one day after the Tax Court's deadline, Mr. Vivenzio fails to indicate how this minimal delay resulted in any prejudice to him.