In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-2952

ROBERT W. CLEVELAND,

*Petitioner-Appellant,*

*v.*

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee.*

Appeal from the United States Tax Court.
No. 31367-08—**Peter J. Panuthos,** *Chief Special Trial Judge.*

SUBMITTED JANUARY 21, 2010—DECIDED MARCH 31, 2010

Before COFFEY, FLAUM, and KANNE, *Circuit Judges.*

PER CURIAM. Robert Cleveland filed a petition in the Tax Court with the idea of keeping the Internal Revenue Service ("IRS") from increasing the amount of income tax withheld from his wages. His legal theory parrots a claim now making the rounds in the courts. The Tax Court dismissed the case for lack of subject-matter jurisdiction. We affirm that decision.

After concluding that Cleveland's employer was not withholding enough income tax from his paychecks, the

IRS invalidated the Form W-4, Employee's Withholding Allowance Certificate, on file for Cleveland. The IRS notified the employer, using Form Letter 2800C, to withhold income tax at a specified rate and to ignore any future Form W-4s received from Cleveland. Cleveland learned about the increase of his withholding rate when the IRS mailed him a corresponding Form Letter 2801C, which included instructions for averting the lock in rate by contacting the IRS to verify or correct the information in his invalidated Form W-4. *See* 26 C.F.R. § 31.3402(f)(2)-1(g)(2); I.R.M. ¶ 5.19.11.3.3 (2009). These form letters, commonly called "Lock-in Letters," are integral to the Withholding Compliance Program as a means to reign in those taxpayers who attempt to circumvent the withholding requirement, or try to evade the proper payment of income tax, by overstating their withholding allowances or falsely claiming exempt status. *See* I.R.M. ¶ 5.19.11.1.1 (2009); *Davis v. Comm'r*, 96 T.C.M. (CCH) 269, 2008 WL 4703706, at *4 (2008); *cf. United States v. King*, 126 F.3d 987, 988, 993-94 (7th Cir. 1997) (explaining that falsely claiming exempt status on Form W-4 to impede withholding of tax can support prosecution for attempted tax evasion).

After receiving the letter, Cleveland filed a petition in the Tax Court to initiate a Collection Due Process hearing contesting that the IRS improperly increased the withholding rate on his wages. Under 26 U.S.C. § 6330(d), a taxpayer who initiates a Collection Due Process hearing in order that he or she might contest a proposed levy may challenge an unfavorable decision by the IRS Office of Appeals—the "notice of determination," *see* 26

C.F.R. § 301.6330-1(e)(3) (A-E8)—in the Tax Court. On the one hand Cleveland described his Lock-in Letter as the "notice of determination" he was appealing; on the other hand he asserted that the letter constituted a "levy" on his wages without the statutorily mandated prior notice and opportunity to request a Collection Due Process hearing. *See* 26 U.S.C. §§ 6330(a)(1), (a)(3)(B), 6331(b), (d)(1). In his petition, Cleveland asked for an order commanding the IRS to return the money withheld by his employer and cease the "unlawful collection" of income tax from his wages. The Tax Court dismissed Cleveland's petition for lack of subject-matter jurisdiction reasoning that the Lock-in Letter he received was not an appealable "notice of determination," and was not issued in conjunction with an attempt to collect by levy.

The jurisdiction of the Tax Court is limited. 26 U.S.C. § 7442; *Comm'r v. McCoy*, 484 U.S. 3, 7 (1987); *Drobny v. Comm'r*, 113 F.3d 670, 677 (7th Cir. 1997). In cases where the IRS seeks to collect unpaid tax by means of a lien or levy, the Tax Court has jurisdiction to review an adverse determination by the IRS Office of Appeals. 26 U.S.C. §§ 6320(c), 6330(d); *Cox v. Comm'r*, 514 F.3d 1119, 1124 (10th Cir. 2008); *Boyd v. Comm'r*, 451 F.3d 8, 10 n.1 (1st Cir. 2006). But as Cleveland concedes, the Office of Appeals was never involved in this matter and did not issue a notice of determination. A Lock-in Letter, as the Tax Court has held and we agree, is not a notice of determination. *See Davis*, 2008 WL 4703706, at *6; *Ballard v. Comm'r*, 93 T.C.M. (CCH) 1394 (2007); *see also Van Wyke v. Comm'r*, 310 F. App'x 179, 180 (9th Cir. 2009) (nonprecedential disposition); *Landess v. Comm'r,* No. 09-9001, 2009 WL 4269682, at

*1 (10th Cir. Dec. 1, 2009) (nonprecedential disposition); *Ghani v. Comm'r*, No. 09-9005, 2009 WL 4269679 (10th Cir. Dec. 1, 2009) (nonprecedential disposition); *Tuka v. Comm'r*, No. 09-1598, 2009 WL 3236066, at *1 (3d Cir. Oct. 9, 2009) (nonprecedential disposition). It follows that, even if we could accept Cleveland's theory that the underlying dispute concerned a collection action within the ambit of § 6330, the Tax Court would not have subject-matter jurisdiction because there was no issuance of a notice of determination. *See Boyd*, 451 F.3d at 10 n.1; *Offiler v. Comm'r*, 114 T.C. 492, 498 (2000) (explaining that Tax Court jurisdiction in cases arising from challenges to liens and levies is "dependent on the issuance of a valid notice of determination" from Office of Appeals); 14 JACOB MERTENS, JR., THE LAW OF FEDERAL INCOME TAXATION § 50.22 (2009) (explaining that a notice of determination from Office of Appeals "is a taxpayer's 'ticket' to the Tax Court" in cases arising from liens and levies).

Furthermore, we wish to make clear that we do not agree with Cleveland's premise. A Collection Due Process hearing is available to taxpayers when the IRS attempts to collect a tax liability by levy, 26 U.S.C. § 6330(a), (b)(1), but the withholding of tax from a paycheck is not a "levy" as that term is understood in 26 U.S.C. § 6331(b). A levy, Cleveland believes, includes "the power of distraint and seizure by any means," *id*., and withholding, according to him, is a coercive taking of his wages. As the Commissioner points out, Cleveland conflates two distinct statutory mechanisms: one for withholding tax before the filing of a return has fixed the taxpayer's liability, and the other for seizing a tax-

payer's property to satisfy an already determined but unpaid tax liability. Cleveland's displeasure with the pay-as-you-go nature of withholding does not make the deductions from his paycheck the type of "forcible means of extracting taxes from a recalcitrant taxpayer" that qualifies as a levy. *See Interfirst Bank Dallas, N.A. v. United States*, 769 F.2d 299, 304-05 (5th Cir. 1985) (defining "levy," as used in § 6331(b), to mean compulsion beyond the "implicit threat of audits, tax liens, and other legal sanctions" that prompts taxpayers to pay tax, since "few taxpayers pay taxes purely as an act of free choice"); *see also Andrew Crispo Gallery, Inc. v. Comm'r*, 86 F.3d 42, 45 (2d Cir. 1996) (explaining that the statutory definition connotes compulsion); *United States v. Barbier*, 896 F.2d 377, 379 (9th Cir. 1990) ("A levy forces debtors to relinquish their property. It operates as a seizure by the IRS to collect delinquent income taxes."). Instead, a levy is "the IRS's administrative authority to seize a taxpayer's property to pay the taxpayers tax liability." H.R. REP. NO. 105-599, at 263 (1998) (Conf. Rep.); S. REP. NO. 105-174, at 67 (1998). Withholding, in contrast, occurs throughout the tax year while the tax liability is inchoate. S*ee* 26 U.S.C. § 3402. The legislative history indicates that the purpose of withholding taxes was in part to reduce the likelihood that the IRS will need to resort to levy. *United States v. Am. Friends Serv. Comm.*, 419 U.S. 7, 10 n.6 (1974).

At its core, Cleveland's action fails to fall within the ambit of the process for Tax Court review of a proposed collection by levy. What Cleveland really argues—quoting his brief—is that a lock-in without "at least *some* sort of administrative hearing or substantial due process" is

unfair, and what he really seeks from the Tax Court is an injunction commanding the IRS to stop invalidating his Form W-4s and cease efforts to withhold tax from his pay. But that relief is forbidden by the Anti-Injunction Act, *see* 26 U.S.C. § 7421(a); *Am. Friends Serv. Comm.*, 419 U.S. at 10; *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 770 (9th Cir. 1986); *Stonecipher v. Bray*, 653 F.2d 398, 400-01 (9th Cir. 1981), and because the Tax Court does not have equitable jurisdiction to entertain Cleveland's theory that withholding in his situation is unfair. *See Boyd*, 451 F.3d at 11; *see also Kelley v. Comm'r*, 45 F.3d 348, 351 (9th Cir. 1995). Furthermore, Cleveland is mistaken when he asserts that a lock-in comes without a remedy for the taxpayer who disagrees with it. The taxpayer may substantiate the withholding status he claimed on his Form W-4, *see* 26 C.F.R. § 31.3402(f)(2)-1(g)(2)(ii); I.R.M. ¶ 5.19.11.3.5 (2009), and if he still is not satisfied with the IRS's decision, he may file a return, claim the amount withheld as a credit against his tax liability, and request a refund, *see Bennett v. United States*, 361 F. Supp. 2d 510, 517 (W.D. Va. 2005); MICHAEL I. SALTZMAN & LESLIE BOOK, IRS PRACTICE AND PROCEDURE ¶ 11.01 (2009). The IRS is not required, as a matter of due process, to give an aggrieved taxpayer "a hearing before determining that he was not entitled to claim exemption from federal income tax." *Stonecipher*, 653 F.2d at 403; *see Campbell v. Amax Coal Co.*, 610 F.2d 701, 702 (10th Cir. 1979).

AFFIRMED.