**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4314
_____

PETER A. ROZDAY,
                                    Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(T.C. No. 15-28318)
Tax Court Judge:  Honorable Richard T. Morrison
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 21, 2017

Before:  GREENAWAY, JR., GREENBERG and ROTH, Circuit Judges

(Opinion filed: November 22, 2017)
_____

OPINION*
_____

PER CURIAM

        Peter A. Rozday appeals the judgment of the Tax Court, which granted summary

judgment in favor of the Internal Revenue Service ("IRS") in his petition for review from

the agency's notices of determination.  We will affirm.

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

After an audit revealed that Rozday underpaid his taxes in 2006, and again in 2010, the Commissioner of the IRS sought to file a federal tax lien against him to recover the deficiency. The Commissioner sent Rozday a notice that informed him of the lien and of his right to a collection due process hearing where he could challenge the underlying assessment of his taxes from 2006 and 2010. Rozday requested a hearing before the IRS Office of Appeals; that office later issued two notices of determination sustaining the lien notice.

Rozday then filed in the Tax Court a petition for review of the notices of determination. The Commissioner moved for summary judgment in the Tax Court, which it supported with the documents that formed the administrative record. Rozday chose not to address the merits of the Commissioner's motion or argue that the Office of Appeals abused its discretion in issuing the notices of determination. Instead, he moved to dismiss his petition from the Tax Court for lack of jurisdiction, arguing that the Tax Court—as a court of review—could only review the notices of determination, not conduct a trial de novo. The Tax Court granted judgment in favor of the Commissioner, and Rozday now appeals.[1]

On appeal, Rozday argues only that the Tax Court cannot—for want of "original jurisdiction"—conduct a trial de novo when reviewing a notice of determination in a collections due process case. This Court has not addressed the precise question of whether the Tax Court may conduct a trial de novo—at which new evidence, not in the administrative record, may be admitted—when ruling on a petition for review under 26

---

[1] We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1).

U.S.C. § 6330(d)(1). We need not reach that question here because the Tax Court did not, in fact, conduct a trial de novo or base its decision on extra-record evidence. Cf. Robinette v. Comm'r, 439 F.3d 455, 460-62 (8th Cir. 1996) (rejecting the taxpayer's argument that the Tax Court was entitled to gather new evidence when determining whether an appeals officer abused his discretion). Instead, the Tax Court granted judgment to the Commissioner on the administrative record. Rozday does not challenge the Tax Court's decision on the merits, and we therefore will not address that issue any further. See Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002).

Moreover, there is no merit to Rozday's contention that the Tax Court lacked jurisdiction over his appeal. Congress has vested the Tax Court with jurisdiction to review a notice determination. See § 6330(d)(1). Although the Tax Court's jurisdiction is limited to cases where the IRS issues a written notice of determination and the taxpayer timely files a petition for review, see Boyd v. Comm'r, 451 F.3d 8, 10-11, 10 n.1 (1st Cir. 2006), both conditions were satisfied here. Rozday timely filed a petition for review from the IRS's written notice of determination. Thus, the Tax Court had jurisdiction to rule on Rozday's petition. See id.

For these reasons, we will affirm the judgment of the Tax Court.