**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**December 14, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

_____

TOI GILLIES,

    Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

    Respondent - Appellee.

No. 21-9000
(CIR No. 12010-20)
(United States Tax Court)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Toi Gillies filed a petition in the Tax Court alleging that she was a victim of tax fraud and identity theft by her ex-husband and tax return preparer. The Tax Court dismissed the petition for lack of jurisdiction. Appearing pro se, she appeals that order. We have jurisdiction under 26 U.S.C. § 7482(a)(1), and we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    Background

Ms. Gillies's petition appeared to reference taxable years 2016 through 2019 as the periods in dispute, but she did not provide the date of any notices of deficiency or liability determination she was disputing or identify the taxable years for which such notices were issued.  She also did not attach any notices of deficiency or determination to her petition.  Based on those and other deficiencies in the petition, the Commissioner filed a motion for a more definite statement pursuant to Tax Court Rule 51(a).

The Tax Court granted the motion and, as pertinent here, ordered Ms. Gillies to (1) "file . . . a proper amended petition" that includes the dates of the notices of deficiency or determination being disputed and the taxable years for which they were issued, and (2) attach a copy of each disputed notice she relied on as the basis for the court's jurisdiction over the petition.  R. at 23.

About two weeks later, Ms. Gillies filed a response to the Commissioner's motion, arguing that her petition was not deficient and asserting that, because the Commissioner had or would "have by the time of trial and initial disclosures[] all the information necessary to understand the nature of [her] allegations," a more definite statement was unnecessary.  R. at 26-27.  She also maintained that the "demand [for] . . . supporting documents" inappropriately "require[d] expansion of the pleadings . . . when discovery [was] the proper method for obtaining information."  R. at 28 (internal quotation marks omitted).  She attached an amended petition to her response, but it, like her original petition, did not provide copies of any notices of

deficiency or determination issued to her. The amended petition acknowledged that she had not been issued a notice of deficiency or determination for the 2017 and 2018 tax years, did not address whether she had been issued a notice for the 2019 tax year, and indicated that she had been issued a notice for the 2016 tax year but did not attach a copy of the notice.

On the court-ordered deadline for filing a proper amended petition, the Commissioner filed a status report acknowledging and attaching Ms. Gillies's response and amended petition and advising the court that she had filed nothing further in response to the court's order.

The court subsequently dismissed the petition for lack of jurisdiction, explaining that Ms. Gillies had not filed a "proper amended petition suggesting any basis for [the court's] jurisdiction[.]" R. at 53. This appeal followed.

## II.    Discussion

### A.  Standard of Review

Because Ms. Gillies is pro se, we have construed her filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam).

Whether the Tax Court correctly dismissed a petition for lack of jurisdiction is a mixed question of law and fact. *See Anderson v. Comm'r*, 62 F.3d 1266, 1270 (10th Cir. 1995). We review the Tax Court's factual findings for clear error and its legal conclusions de novo. *Id.*

**B. Tax Court Jurisdiction**

"The Tax Court is a court of limited jurisdiction." *Alford v. Comm'r*, 800 F.2d 987, 988 (10th Cir. 1986). The party invoking the Tax Court's jurisdiction has the burden of establishing that the jurisdictional requirements have been met. *Page v. Comm'r*, 297 F.2d 733, 734 (8th Cir. 1962) (per curiam); *Amanda Iris Gluck Irrevocable Tr. v. Comm'r*, 154 T.C. 259, 264-65 (2020).

As pertinent here, a taxpayer may invoke the Tax Court's jurisdiction in one of two ways—by filing a petition disputing a notice of deficiency, *see* 26 U.S.C. § 6212(a), or by filing a petition challenging a notice of determination following a collection due process hearing, *see id.* § 6330(d)(1).

In a deficiency proceeding, "the determination of a deficiency and the issuance of a notice of deficiency are absolute preconditions to Tax Court jurisdiction." *Alford*, 800 F.2d at 988; *see also* 26 U.S.C. § 6214(a) (providing that the Tax Court has jurisdiction to redetermine the correct amount of any deficiency); Tax Ct. R. 13(a) (providing that subject to exceptions not applicable here, "the jurisdiction of the Court depends . . . upon the issuance by the Commissioner of a notice of deficiency"). The notice of deficiency is thus the taxpayer's "ticket" to the Tax Court. *Guthrie v. Sawyer*, 970 F.2d 733, 735 (10th Cir. 1992) (internal quotation marks omitted). In the same way, the notice of determination is a "ticket" to the Tax Court for reviewing a collection due process determination. *See Boyd v. Comm'r*, 124 T.C. 296, 303 (2005), *aff'd*, 451 F.3d 8, 10 n.1 (1st Cir. 2006) (recognizing that the Tax Court's "jurisdiction under § 6330(d) depends upon the issuance of a valid

notice of determination" (internal quotation marks omitted)). Thus, to meet her burden of establishing the Tax Court's jurisdiction, the taxpayer in both deficiency and collection due process proceedings must plead the date of the notice of deficiency or determination, *see* Tax Ct. R. 34(b)(2), 331(b)(2), and submit a copy of the notice with the petition, *id.* R. 34(b)(8), 331(b)(8).

## C. Application

The Tax Court dismissed Ms. Gillies's petition for lack of jurisdiction because she did not establish that the Commissioner had issued her a notice of deficiency or determination. Accordingly, it did not address the merits of her identity theft allegations. On appeal, Ms. Gillies does not address the Tax Court's jurisdictional determination, focusing instead on the merits of her underlying claims and alleging that the Tax Court erred by failing to address them.

The Tax Court's order granting the Commissioner's motion for a more definite statement directed Ms. Gillies to submit a "proper amended petition" that, among other things, provided copies of the notices of deficiency or determination she was relying on as the basis for the court's jurisdiction, but she failed to do so. R. at 23. We thus agree with the Tax Court's determination that she did not establish the basis for the court's jurisdiction, and we find no error in its dismissal of her petition for lack of jurisdiction. *See Alford*, 800 F.2d at 988-89 (affirming Tax Court dismissal of petition in § 6212 proceeding for lack of jurisdiction where no notice of deficiency was issued); *see also Boyd v. Comm'r*, 451 F.3d 8, 10-11 (1st Cir. 2006) (affirming

Tax Court dismissal of petition in § 6330 proceeding for lack of jurisdiction where no notice of determination was filed).

In so concluding, we reject Ms. Gillies's contention that the Tax Court did not consider her amended petition. In the dismissal order, the court noted that she had "filed a response to the motion for more definite statement," and it concluded she had not filed a "proper amended petition as directed by the Court." R. at 53. Contrary to Ms. Gillies's contention, the court's finding that she did not file a "proper amended petition" does not suggest it did not receive or consider her amended petition. Rather, the court acknowledged her filing and found that the amended petition was not "proper"—in other words, it did not comply with the applicable rules or the court's order and did not establish a basis for the court's jurisdiction. *Id.*

We acknowledge that Ms. Gillies attached two letters she received from the Internal Revenue Service to her opening brief, which she claims served as a notice of deficiency for the 2016 tax year. *See* Aplt. Opening Br. at 19, 27-31. But she did not attach the letters to her original or amended petition, so they were not before the Tax Court when it issued the dismissal order. Accordingly, we may not consider them as a basis for overturning that order. *See Verlo v. Martinez*, 820 F.3d 1113, 1125 (10th Cir. 2016) (explaining that we will not find error based on evidence that was not part of the record below); *United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000) (explaining that we "will not consider material outside the record before the [lower] court" and that the parties may not "build a new record" on appeal (internal quotation marks omitted)); Fed. R. App. P. 10(a)(1) (providing, as pertinent

6

here, that the record on appeal consists of "the original papers and exhibits filed in the" court from which the appeal is taken).

In any event, the letters merely advised Ms. Gillies of changes the IRS had made to her 2016 tax return and of the resultant proposed tax increase—they did not suggest the IRS had made a determination of her tax deficiency. Indeed, the second letter expressly indicated that if she did not respond, the IRS "[would] issue a notice of deficiency" that "[would] be legal notice of the proposed tax increase," and it advised her that if she "decide[d] to appeal the proposed tax increase *after [the IRS] issue[d] the deficiency notice*, [she would] have to file a petition with the United States Tax Court." Aplt. Opening Br. at 31 (emphasis added). Accordingly, the letters were not a notice of deficiency that could have invoked the Tax Court's jurisdiction. *See Abrams v. Comm'r*, 814 F.2d 1356, 1357 (9th Cir. 1987) (per curiam) (joining six other circuits in holding that a pre-filing notification letter from the IRS was not a notice of deficiency and was therefore not a basis for Tax Court jurisdiction).

Having concluded that the Tax Court properly dismissed Ms. Gillies's petition for lack of jurisdiction, we do not address her arguments regarding the merits of her identity theft and related innocent spouse claims.

### III.    Conclusion

We affirm the Tax Court's order dismissing Ms. Gillies's petition for lack of jurisdiction.

Entered for the Court

Carolyn B. McHugh
Circuit Judge