BROTHERHOOD OF RAILWAY CARMEN DIVISION OF TRANSPORTATION COMMUNICATIONS INTERNATIONAL UNION, Plaintiff–Appellant,

v.

CHICAGO & NORTH WESTERN TRANSPORTATION COMPANY, Defendant–Appellee.

No. 91–2040.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 11, 1992.

Decided May 20, 1992.

Rehearing Denied June 11, 1992.

Marvin Gittler, Asher, Gittler, Greenfield, Cohen & D'Alba, Chicago, Ill., Michael S. Wolly, Mulholland & Hickey, Washington, D.C. (argued), for plaintiff-appellant.

Stuart F. Gassner (argued), Myles L. Tobin, Chicago Northwestern Railway Co., Law Dept., Chicago, Ill., for defendant-appellee.

Before CUMMINGS, Circuit Judge, WOOD, Jr. and ESCHBACH, Senior Circuit Judges.

CUMMINGS, Circuit Judge.

Petitioner Brotherhood of Railway Carmen ("BRC") filed an action in July 1988 to enforce award No. 768 of Special Board of Adjustment No. 570, which is a board of adjustment within the meaning of Section 3 Second of the Railway Labor Act (45 U.S.C. § 153 Second). The award involved claims of three car repairmen and seven car inspectors represented by the BRC and employed by the Chicago & North Western Railway Company ("CNW"). All ten claimants had worked at CNW's Fremont, Nebraska, train yard and repair facility, but on September 23, 1982, CNW notified them that their positions would be abolished a week later, resulting in their furlough. CNW maintained that new federal regulations concerning brake inspections made claimants' positions unnecessary. Because CNW refused to grant these ten employees the protective benefits provided in the collective bargaining agreement, the BRC submitted the dispute to Special Board of Adjustment No. 570 for resolution, and on October 19, 1987, the Board rendered its award in favor of the employees.

The CNW filed an answer in the district court contending that it was unclear whether award No. 768 entitled all ten claimants to relief and also filed a petition with the Board to clarify its award in that respect. CNW noted in its answer that the Board found that the transfer of work for repairing three cars from Fremont to Council Bluffs, Nebraska, during September and October 1982 was the only action that would entitle any of the claimants to protection under the collective bargaining agreement. Therefore only the three car repairmen, and not the seven car inspectors, were entitled to protective benefits according to CNW's answer.[1]

In October 1990 the Board issued its clarification concluding that it had only intended to provide protection to the three car repairmen because the seven car inspectors were not affected by the transfer to Council Bluffs. Subsequently the BRC sought to file an amended petition in the district court seeking to set aside the award as interpreted. CNW objected to the filing of the amended petition on the ground that the individuals required to be paid by the Board were being paid in accordance with the collective bargaining agreement. In response BRC's counsel told the court that his client believed that CNW had improperly submitted new evidence to the special board before it interpreted its original award. However, the district court denied BRC's petition to file an amended complaint and dismissed the case as moot on March 6, 1991. Judge Zagel concluded that the board could "reasonably be said to have decided the case on previously submitted evidence and that, if it strayed from this evidence, it did so without objection by the Union." When Judge Zagel denied BRC's Rule 59(e) motion for reconsideration on March 21, 1991, he added that "[m]y ruling would be the same even if [the Union] had objected."

Jurisdiction of this Court

 Judge Zagel orally denied BRC's Rule 59(e) motion to reconsider dismissal

---

1. The answer contained a counterclaim that if the award should hold in favor of all ten carmen, then it should be set aside. Both parties agree that the counterclaim became moot when the district court dismissed the case in CNW's favor (BRC Short App. 2).

upon presentation on March 21, 1991. Neither party, however, received a copy of an order or notification from the district court clerk's office of a docket entry to this effect. On April 30, 1991, BRC's counsel asked the district court clerk whether an order or judgment would be forthcoming with respect to the denial of the motion for reconsideration and was told that an order denying it had been entered on March 21. Because more than 30 days had passed since that entry, BRC filed a motion under Rule 4 of the Federal Rules of Appellate Procedure to extend the time for filing a notice of appeal, and this motion was granted on May 7. The notice of appeal was filed the same day.

CNW contends that the failure of the Clerk to notify the parties of the entry of the March 21 order did not afford BRC "excusable neglect" under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. We disagree. BRC had been notified promptly upon the docketing of all the judge's prior orders. This pattern inexplicably stopped when the judge's dismissal order was entered. Thus, through no fault of its own, BRC failed to learn of the entry of the March 21 order. There is no contention that BRC did not act in good faith. Finally, great deference must be accorded a district court's finding of excusable neglect, given its more intimate awareness of the circumstances surrounding the lapse of the 30–day period. *Redfield v. Continental Casualty Corp.*, 818 F.2d 596, 601–602 (7th Cir.1987). Therefore this Court has jurisdiction to entertain this appeal. *Pearson v. Gatto*, 933 F.2d 521, 524–525 (7th Cir.1991); *Redfield*, 818 F.2d at 602–603.[2]

Propriety of Dismissal Order

■ Challenges to Adjustment Board orders are limited to three grounds: (1) failure to comply with the Railway Labor Act; (2) failure to conform or confine the deci-sion to matters within the scope of the Board's jurisdiction; and (3) fraud or corruption. 45 U.S.C. § 153 First (q); *Union Pacific R.R. Co. v. Sheehan*, 439 U.S. 89, 93, 99 S.Ct. 399, 402, 58 L.Ed.2d 354 (1978). The main issue on appeal is whether the district court erred in finding that the Board did not consider new evidence when it reconsidered its earlier award in favor of all ten claimants. Under the labor agreement between the two parties, submissions to the board must be "limited to the material submitted by the parties to the dispute on the property." The Board is not entitled to ignore this contractual provision, which is clear on its face. See *Wilson v. Chicago and North Western Transp. Co.*, 728 F.2d 963 (7th Cir.1984) (affirming district court's decision to overturn Board's failure to abide by clear and unambiguous time limits in a collective bargaining agreement).

The district court's ruling that no new evidence was considered was made in response to BRC's motion to amend its complaint asking for enforcement of the original award. The district court made it clear, however, that it would make a decision on the merits (CNW App. at 8). Indeed, the judge informed the parties that he was making a merit decision and asked the parties to file briefs (*id.* at 7), and BRC counsel had previously agreed to a decision being made "on the papers" (*id.* at 2).

Thus the March 6, 1991, dismissal order disposed of the merits of the controversy. The court concluded "there was, in fact, no new evidence submitted to the Board" by CNW with respect to its interpretation request, and that "the Board can reasonably be said to have decided the case on previously submitted evidence * * *" (BRC Short App. 2). This was the only BRC argument before the district court, and we are unpersuaded that it was wrongly rejected.

2. Effective December 1, 1991, Rule 4(a)(6) has been changed to alleviate the lack of notice problem that this case exemplifies:

The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

Although BRC attempts to rely on this new rule to support jurisdiction here, it may not do so because it never filed the requisite motion with the district court.

BRC has never contradicted the fact that only three car repairmen were affected by the transfer in question. The record before the Board at the initial hearing clearly indicated that only three of the ten claimants were car repairmen. CNW presented no new evidence on the merits when filing its request for interpretation with the Board of its 1987 award, but it did attach post-award correspondence between the parties (1) where the carrier explained to BRC that only three car repairmen had been affected by the transfer of the work from Fremont to Council Bluffs and (2) where BRC disagreed (BRC App. 64–73). This correspondence represented the legal position of both parties as to the meaning of the award and did not amount to a one-sided presentation of new evidence by CNW. Significantly BRC did not file a counter-affidavit in the district court with respect to CNW's affidavit that after the 1987 award it "did not submit any new evidence to the Board" (App.126).

For these reasons there is no basis to set aside the Board's interpretation. Dismissal order affirmed.