**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 20, 2008[*]
Decided May 2, 2008

By the Court:

No. 07-3337

| | |
|---|---|
| MICHAEL F. HENRY, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division |
|     *v.* | |
| | No. 06 C 7087 |
| UNITED STATES OF AMERICA, *et al.*, | |
|     *Defendants-Appellees.* | David H. Coar, |
| | *Judge*. |

**O R D E R**

Michael F. Henry sued the IRS, the Department of Justice (DOJ), and some of their employees alleging that the defendants violated the Internal Revenue Code when they sent him a purportedly fraudulent notice assessing a tax deficiency. The district court dismissed Henry's claims, and we affirm.

This case is one in a panoply of lawsuits filed by Henry in a lengthy and bitter dispute with the IRS over the taxes he owes for the 1999 tax year. The troubles began in 2002, when Henry sued the IRS in the Eastern District of Louisiana asserting that he overpaid taxes in 1999 and was entitled to a refund on the income he had reported. See *Henry v. United States*, No. 02-0968 (E.D. La. filed Apr. 1, 2002). He had some success—he was awarded $123,000 after a jury trial—but he was not finished with the IRS, and has appealed, insisting that he is entitled to more. See *Henry v. United States*, No. 02-0968 (E.D. La. Apr. 30, 2007) (judgment), *appeal docketed*, No. 07-30581 (5th Cir. June 27, 2007). And the IRS was not finished with Henry. On December 2, 2004, it sent him a deficiency notice, assessing a debt of over $3 million in back taxes on underreported income in 1999. (Interest and penalties have accrued, and the IRS says that Henry now owes nearly $6 million.) Furious at the limited success of his first lawsuit and at

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

what he characterizes as the defendants' "fraud" in assessing his tax deficiency, he has brought no fewer than nine lawsuits in Louisiana and Illinois—including this one—naming scores of defendants (including U.S. senators and representatives) who he believes have committed fraud and violated various provisions of the Internal Revenue Code. See*, e.g., Henry v. United States*, No. 07 C 4814 (N.D. Ill. filed Aug. 27, 2007 ); *Henry v. Murphy*, No. 05-1185 (E.D. La. filed Mar. 29, 2005). We already have dismissed one of his appeals arising out of this dispute. See *Henry v. United States*, No. 07-2583 (7th Cir. Nov. 7, 2007) (unpublished order).

In this case, Henry originally brought fourteen claims against dozens of defendants, but he later requested that the district court dismiss most of the claims and defendants; it did so. Two of the appellees, the DOJ and Lynne Murphy, an attorney at the DOJ, are not named in any of Henry's surviving claims, but they were not dismissed from the suit, and so we include them in our analysis for the sake of completeness. In his amended complaint, Henry asserted that the United States, the DOJ, Murphy, the IRS, and an employee of the IRS, Debbie Arceneaux, conspired to "ignore the rulings of the Supreme Court" by "fabricating Deficiency Notices and attempting extortion." He contends that in so doing they violated provisions of the tax code that require the release of liens and regulate the collection of taxes. See 26 U.S.C. §§ 7432, 7433. The defendants moved to dismiss the complaint. The district court granted the motion, concluding that Henry failed to pursue his administrative remedies in the time required, and, in the alternative, that he filed his lawsuit too late.

This lawsuit is has no merit. We have given it the required *de novo* review. See *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005) (*de novo* review for dismissals based on failure to exhaust administrative remedies); *Woidtke v. St. Clair County*, 335 F.3d 558, 562 (7th Cir. 2003) (same for dismissals based on statute of limitations). Bearing in mind that we can affirm the district court's judgment on any ground supported by the record, see *Remet Corp. v. City of Chicago*, 509 F.3d 816, 817 (7th Cir. 2007), we agree with the district court that this case should be dismissed. We begin with the claims against Arceneaux and Murphy. Even if we generously construe the complaint as bringing claims against them in their individual capacities under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), these claims fail. The Internal Revenue Code already protects taxpayers "against an overzealous officialdom." *Cameron v. IRS*, 773 F.2d 126, 129 (7th Cir. 1985). An aggrieved taxpayer cannot circumvent the remedies Congress has created by suing individual tax collectors. See *id*.; see also *Adams v. Johnson*, 355 F.3d 1179, 1184-85 (9th Cir. 2004); *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 412 (4th Cir. 2003); *Shreiber v. Mastrogiovanni*, 214 F.3d 148, 152 (3d Cir. 2000); *Dahn v. United States*, 127 F.3d 1249, 1254 (10th Cir. 1997); *Vennes v. An Unknown No. of Unidentified Agents of the U.S.*, 26 F.3d 1448, 1454 (8th Cir. 1994); *McMillen v. U.S. Dep't of Treasury*, 960 F.2d 187, 190-91 (1st Cir. 1991).

Henry's claims against the IRS, the DOJ, and Murphy and Arceneaux (to the extent Henry attempts to sue them in their official capacities) fare no better. These defendants cannot be sued in an action under §§ 7432 and 7433 because the United States is the only proper defendant, and a suit naming other government actors is "essentially a suit against the United States." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985); see 26 U.S.C. §§ 7432(a), 7433(a).

        That leaves only Henry's contentions that the United States is liable for improper tax collection practices and failure to release a lien. Henry bases his claim for improper tax collection solely on the "fraudulent" assessment notice that he received from the IRS in 2004. But the federal courts have no subject matter jurisdiction over such a claim against the United States. The United States has waived its sovereign immunity only "[i]f, in connection with any *collection* of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision" of the Internal Revenue Code. 26 U.S.C. § 7433(a) (emphasis added). Thus a taxpayer can recover only for improper tax collection,  not for an incorrect assessment of tax liability. See *Judicial Watch*, 317 F.3d at 411; *Gandy Nursery, Inc. v. United States*, 318 F.3d 631, 636 (5th Cir. 2003);  *Miller v. United States*, 66 F.3d 220, 223 (9th Cir. 1995); *Gonsalves v. IRS*, 975 F.2d 13,16 (1st Cir. 1992). Tax collection enforces an assessed liability; the assessment notice, by contrast, merely informs the taxpayer of the amount of the liability and always precedes enforcement. See *Murray v. Comm'r of Internal Revenue*, 24 F.3d 901, 903 (7th Cir. 1994) (noting that a notice of deficiency must be sent before the IRS takes any action to collect); 26 U.S.C. § 6213(a) (requiring the IRS to wait 90 days after sending notice of deficiency before taking collection action).

        In this case, Henry is not complaining that the IRS ever tried to collect, much less that its employees used any improper means to recoup, the amount he owes. If Henry disagrees with the assessment, as apparently he does, his only remedy is to petition the Tax Court for a redetermination of the deficiency. See 26 U.S.C. § 6213(a); *Gonsalves*, 975 F.2d at 16.  But because the United States has not waived its sovereign immunity as to claims of improper tax assessment, Henry's recourse does not lie in federal district court. See *Miller,* 66 F.3d at 223; FED. R. CIV. P. 12(b)(1).

        Henry also attempts to make out a claim that the United States is liable under 26 U.S.C. § 7432, which allows a taxpayer to sue under certain circumstances if an employee of the IRS fails to release a lien on the taxpayer's property. See 26 U.S.C. § 7432(a).  But Henry's grievance is all about the assessment, which he believes is incorrect; he is not complaining that the IRS put a lien on his property (either through the notice or otherwise), much less that it improperly failed to release it. Properly characterized, this claim, too, falls outside the boundaries of the district court's jurisdiction.

                                                                                            AFFIRMED.