In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-1099

IN RE: EUGENE A. FISCHER,

*Petitioner.*

Petition for Writ of Mandamus
from the Southern District of Illinois.
No. 4:87-cr-40070-JPG-4--**J. Phil Gilbert**, *Judge.*

SUBMITTED JANUARY 15, 2009—DECIDED JANUARY 23, 2009[*]

Before RIPPLE, MANION and ROVNER, *Circuit Judges.*

---

[*] This opinion is being released initially in typescript form.

RIPPLE, *Circuit Judge.* Eugene Fischer has filed a petition for writ of mandamus asking this court to allow him to file a late notice of appeal from the district court's order granting the Government's motion to renew a monetary forfeiture judgment against him. The district court entered its order granting the Government's motion to renew the forfeiture judgment on November 5, 2008. In his papers, Mr. Fischer says that he did not receive a copy of the November 5 order and only learned that an order had been issued when he received a copy of the district court's docket sheet in prison. He does not say exactly when he received the docket sheet, but indicates that it was just before mailing his petition on January 9, 2009. Mr. Fischer was required to file a notice of appeal with the district court clerk within 30 days after the order appealed from was entered, *see* Fed. R. App. P. 4(a)(1)(A), but was unable to do so because he did not learn of the order until the 30-day time period had expired. As a result, Mr. Fischer now asks this court to allow him to file a notice of appeal from the November 5 order. We deny Mr. Fischer's petition because mandamus is not the proper method for obtaining permission to file a late notice of appeal. We issue this opinion to provide him with guidance as to the proper steps to take.

Federal Rule of Appellate Procedure 4(a)(6) explains the proper method for requesting leave to file a late notice of appeal when a party does not receive notice of entry of an order or judgment. Rule 4(a)(6) provides as follows:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

> > (A) the court finds that the moving party did not receive notice under Federal Rule of Appellate Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

> > (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the

moving party receives notice under Federal Rule of Appellate Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

*See Firmansjah v. Ashcroft*, 347 F.3d 625, 626 (7th Cir. 2003). Rule 4(a)(6) specifically gives the authority to reopen the time for filing an appeal to the district court; appellate courts cannot extend the time to file a notice of appeal. *See Bhd. of Ry. Carmen Div. of Transp. Communications Intern. Union v. Chicago & North Western Transp. Co.*, 964 F.2d 684, 686 n.2 (7th Cir. 1992).[1]

Because Mr. Fischer has requested relief from the wrong court, we must deny his petition for a writ of mandamus. Mr. Fischer should file a timely motion to reopen the time for filing a notice of appeal with the district court. The motion should explain the circumstances by which Mr. Fischer learned that the district court entered the order granting the Government's motion to renew the forfeiture judgment and should explain whether any party would be prejudiced by reopening the time to appeal. *See* Fed. R. App. P. 4(a)(6).

PETITION for WRIT of MANDAMUS DENIED

---

[1] A review of the district court docket indicates that Mr. Fischer has not filed a motion to reopen the time for filing a notice of appeal in that court. If Mr. Fischer's representations to this court are accurate, he did not receive notice of the entry of the order from the district court or the opposing party, as required by Federal Rule of Civil Procedure 77(d), within 21 days after entry of the order, and he learned of the order's entry by requesting the docket sheet, and not from the court or the opposing party, so the seven-day deadline in Rule 4(a)(6)(B) would not apply. As a result, Mr. Fischer would have 180 days from the date the order was entered, November 5, 2008, to file his motion with the district court.