**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 12, 2009
Decided January 14, 2010[*]

**Before**

JOHN L. COFFEY, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-2398

| | |
|---|---|
| MICHAEL F. HENRY, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | 09 C 2230 |
| UNITED STATES OF AMERICA and | |
| INTERNAL REVENUE SERVICE, | Suzanne B. Conlon, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

In April 2009, Michael Henry saw fit to continue his campaign of litigation against the IRS over the income taxes he owes for the 1999 tax year. Since 2002 Henry has filed multiple lawsuits in the Fifth Circuit and Seventh Circuit and continues to litigate his 1999 tax liability in the United States Tax Court. In December 2007, the Northern District of Illinois Executive Committee ("Executive Committee") issued an order that barred him from filing any new civil cases in its district. The trial judge dismissed Henry's complaint

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

because it was in violation of the Executive Committee's order. Henry appeals, and we affirm the action of the Executive Committee.

From December 2006 to October 2007, Henry had filed six *pro se* civil cases in the Northern District of Illinois dealing with his 1999 tax liability. After receiving an unfavorable ruling in one of these law suits, Henry sent threatening e-mails addressed to the judge presiding over the case as well as a number of other government officials involved in his lawsuit. As a result of these threats, he was convicted of impeding and retaliating against federal officials engaged in their official duty in violation 18 U.S.C. § 115 and sentenced to 16 months' imprisonment. To curb Henry's habit of filing numerous civil cases dealing with the same subject matter (1999 tax liability) and combined with his sending threatening e-mails, the Executive Committee entered an order barring Henry from filing any new civil cases in the district. *In re Michael F. Henry*, No. 07 CV 7159 (N.D. Ill. Dec. 20, 2007) (unpublished order). As detailed in the order, the filing bar did not affect Henry's pending cases or apply to criminal or postconviction matters. Further, the Executive Committee authorized Henry to seek modification or rescission of the order after nine months. *Id*. Henry did not challenge the order, and in April 2009, he filed this suit in the Northern District. Once again the suit seeks to challenge and overturn his 1999 tax liability.

On appeal Henry complains that he did not receive notice of the Executive Committee's order and learned of the filing bar only after the court dismissed this suit in May 2009. Furthermore, Henry asserts that the Executive Committee's order is a violation of his Constitutional rights to due process and equal protection.

After review of the record, it is clear that the order was sent by certified mail to Henry's home address and was returned as undeliverable, presumably because Henry was incarcerated at the time. *See United States v. Henry*, No. 08-CR-19 (E.D. La. July 17, 2008), *appeal dismissed*, No. 08-30718, 2009 WL 2762364 (5th Cir. Sept. 1, 2009). "A paper is served under this rule by . . . mailing it to the person's last known address--in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). Furthermore, when Henry did learn about the Executive Committee's order, Henry did not file any papers requesting to reopen the time for filing an appeal. *See* FED. R. APP. P. 4(a)(6); *In re Fischer*, 554 F.3d 656, 656-57 (7th Cir. 2009). Rather, he filed a motion to modify the order, and in June 2009, the Executive Committee denied his motion and ordered that the filing bar remain in force for an additional nine months. *In re Michael F. Henry*, No. 07 CV 7159 (N.D. Ill. Jun. 17, 2009) (unpublished order). Henry did not appeal that decision either. *See In re Chapman*, 328 F.3d at 904 (holding that a filing restriction is a judicial order and, thus, appealable). Thus, Henry had sufficient opportunity to challenge the Executive Committee's order.

Courts have ample authority to curb abusive and repetitive litigation with the imposition of a number of filing restrictions, so long as the restrictions imposed are narrowly tailored to the nature and type of abuse and do not pose an absolute bar to the courthouse door. *See In re Anderson*, 511 U.S. 364, 365-66 (1994); *Miller v. Donald*, 541 F.3d 1091, 1096-98 (11th Cir. 2008); *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003); *In re Davis*, 878 F.2d 211, 212-213 (7th Cir. 1989). We review filing restrictions under the abuse of discretion standard. *Miller*, 541 F.3d at 1096. In this case, the Executive Committee issued an order that was narrowly tailored to prevent Henry from continuing to file suits regarding his 1999 tax liability and stop his repetitive abusive conduct in the Northern District. Furthermore, the order is not an absolute bar as it also provides a provision under which the restriction may be lifted. Without this order, it is clear that Henry would continue to file new lawsuits regarding his 1999 tax liability as evidenced by the factual situation presented. "[T]he right of access to the federal courts is not absolute; rather, an individual is only entitled to meaningful access to the courts." *In re Chapman*, 328 F.3d at 905 (internal citations omitted). Thus, the court properly exercised its discretion in restricting Henry's ability to file and the trial judge correctly applied the order in dismissing this case.

We note that Henry's latest lawsuit repeats claims that he has already litigated and lost in this circuit and the Fifth Circuit. His contention that the IRS has engaged in improper "collection" practices rests entirely on his refusal to accept the fact that he owes back taxes. But as we explained to him when we affirmed the dismissal of an earlier complaint, civil remedies for improper collection activity, *see* 26 U.S.C. §§ 7432, 7433, cannot be used to disguise what is fundamentally a dispute about the underlying tax liability. *See Henry v. United States*, No. 07-3337, 276 Fed. App'x 503 (7th Cir. May 2, 2008); *see also Hudson Valley Black Press v. IRS*, 409 F.3d 106, 112-13 (2d Cir. 2005); *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 411 (4th Cir. 2003); *Gandy Nursery, Inc. v. United States*, 318 F.3d 631, 636 (5th Cir. 2003); *Miller v. United States*, 66 F.3d 220, 222-23 (9th Cir. 1995). Henry is currently litigating his 1999 tax liability in the Tax Court, which is the only forum which has jurisdiction to review the tax computation. *See* 26 U.S.C. §§ 6213(a), 6214; *Redeker-Barry v. United States*, 476 F.3d 1189, 1190-91 (11th Cir. 2007); *Voelker v. Nolen*, 365 F.3d 580, 581 (7th Cir. 2004).

Accordingly, we affirm the dismissal of Henry's lawsuit. We also warn him that his pursuit of any additional frivolous appeals may subject him to sanctions in this court as well. *See* FED. R. APP. P. 38; *Szopa v. United States*, 460 F.3d 884, 887 (7th Cir. 2006); *Szopa v. United States*, 453 F.3d 455, 456 (7th Cir. 2006); *Ins. Co. of the W. v. County of McHenry*, 328 F.3d 926, 929 (7th Cir. 2003).

AFFIRMED.