**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 25, 2010[*]
Decided December 9, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 10-2165

| | |
|---|---|
| MICHAEL F. HENRY,<br>        *Petitioner-Appellant,* | Appeal from the United States Tax Court. |
| *v.* | No. 17055-08L |
| COMMISSIONER OF INTERNAL<br>REVENUE,<br>        *Respondent-Appellee.* | Maurice B. Foley,<br>*Special Trial Judge*. |

**O R D E R**

        In 2002, Michael Henry filed a refund suit against the IRS in the Eastern District of Louisiana claiming that he overpaid his income tax for 1999 and won a judgment in the amount of $122,839. Instead of writing him a check for the amount of the judgment, the IRS offset the award against a much larger deficiency for that same tax year. The appellant then asked the Tax Court to set aside the unpaid liability and reverse the offset, but the court

---

        [*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

held that it lacked subject-matter jurisdiction to do either. The petitioner-appellant is appealing the Tax Court's decision.

Henry had filed an income tax return for 1999 but amended it several times, in part to lower the reported gain from a multimillion dollar stock transaction. The IRS was still reviewing his amended returns when Henry sued for a refund in the Eastern District of Louisiana in April of 2002. While defending that suit, the IRS concluded that Henry owed another $3.1 million for 1999 and issued a notice of deficiency in December 2004. *See* 26 U.S.C. § 6212(a). The district court gave Henry time to petition the Tax Court for a redetermination of the deficiency. *See id.* §§ 6213(a); 7422(e). Henry did nothing and the IRS assessed the deficiency on May 22, 2005.

The refund action moved forward, and in April 2007 the district court accepted a jury verdict that Henry had overstated his gain from the stock transaction and awarded him a refund of $122,839. *Henry v. United States*, No. 02-0968 (E.D. La. Apr. 30, 2007) (judgment). That amount was far less than the petitioner-appellant wanted, and although the Fifth Circuit upheld the judgment on his appeal, *Henry v. United States*, 277 F. App'x 429, 435 (5th Cir. 2008), Henry continues to launch postjudgment motions in the trial court, *see, e.g., Henry v. United States*, No. 02-0968, 2010 WL 2605822 (E.D. La. June 21, 2010), and has filed a number of related civil suits against the IRS and its employees in the district courts of both Louisiana and Illinois, alleging that the defendants committed fraud in assessing the tax deficiency, *see Henry v. United States*, 360 F. App'x 654, 655 (7th Cir. Jan. 14, 2010); *Henry v. United States*, 276 F. App'x 503, 504 (7th Cir. 2008).

The IRS did not pay the $122,839 judgment and instead notified the appellant in August 2007 that it intended to collect the $3.1 million assessment. Henry exercised his right to a collection due process hearing with the IRS Office of Appeals, *see* 26 U.S.C. § 6330(a)(1), and when he received a Notice of Determination sustaining the proposed levy, Henry sought review of that decision in the Tax Court, *see id.* § 6330(d)(1). In the meantime the IRS offset the refund that was due to the petitioner against his unpaid assessment. *See id.* § 6402(c). The appellant challenged both the offset and the underlying deficiency assessment, but the Tax Court concluded that neither matter was properly before it. Henry appeals that decision.

In his opening brief, Henry ignores the Tax Court's holding that it lacked subject-matter jurisdiction to consider his claims, and thus we could affirm the decision on that basis alone. *See Maher v. City of Chicago*, 547 F.3d 817, 821 (7th Cir. 2008); *United States v. Hatchett*, 245 F.3d 625, 644-45 (7th Cir. 2001); *Senese v. Chi. Area I.B. of T. Pension Fund*, 237 F.3d 819, 823 (7th Cir. 2001). In any event, the decision is correct. The Tax Court's jurisdiction is limited, *see* 26 U.S.C. § 7442; *Comm'r v. McCoy*, 484 U.S. 3, 7 (1987); *Cleveland v.*

*Comm'r,* 600 F.3d 739, 741 (7th Cir. 2010), and here the Tax Court's jurisdiction was predicated upon 26 U.S.C. § 6330(d)(1)(A).  § 6330(d)(1)(A) gives the Tax Court jurisdiction to review a levy.  An offset is not a levy.  *Boyd v. Comm'r,* 451 F.3d 8, 11-13 (1st Cir. 2006); *Belloff v. Comm'r*, 996 F.2d 607, 616 (2d Cir. 1993); *Sage v. United States*, 908 F.2d 18, 27 (5th Cir. 1990); *Hankin v. United States*, 891 F.2d 480, 482-83 (3d Cir. 1990).  Thus, § 6330(d)(1)(A) does not give the court jurisdiction to review the IRS's decision to credit the appellant's overpayment against his unpaid tax liabilities.  Moreover, an underlying tax liability may be challenged in a collection due process hearing only if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  26 U.S.C. § 6330(c)(2)(B); *see United States v. Patridge*, 507 F.3d 1092, 1093 (7th Cir. 2007).  Henry received notice in 2004 and had 90 days to petition the Tax Court to redetermine the deficiency.  *See* 26 U.S.C. § 6213(a).  He let the deadline lapse, and it is too late now to challenge the liability in the Tax Court.

AFFIRMED.