**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 30, 2011[*]
Decided March 31, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-1153

| | |
|---|---|
| DENNIS BAILEY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 04 C 6201 |
| TIZOC LANDEROS and JAMES VOUDRIE, | Elaine E. Bucklo, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Dennis Bailey, an Illinois inmate, appeals the dismissal of his civil rights suit against two police officers as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). We dismiss the appeal.

---

[*]After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)

In 2002 Bailey had an altercation with Joliet police officers Tizoc Landeros and James Voudrie and was later convicted by a jury of aggravated battery. Bailey sued the officers and the City of Joliet under 42 U.S.C. § 1983, alleging that the officers searched and arrested him without probable cause, and applied excessive force while doing so. He also alleged that his prosecution violated his constitutional rights and that he was falsely imprisoned. The district court dismissed the City of Joliet from the suit, and on July 6, 2006, granted the officers' motion to dismiss on grounds that *Heck* barred the remaining claims. Almost seven weeks later Bailey filed a "motion to reconsider," which the district court denied on March 14, 2007. Bailey did not file a notice of appeal until January 11, 2010.

On appeal, Bailey challenges both the dismissal based on *Heck* and the denial of his motion for reconsideration. But Bailey's notice of appeal is untimely as to either order. A notice of appeal must be filed within 30 days after entry of the court's judgment or order appealed from, FED. R. APP. P. 4(a)(1); *Smith v. Grams*, 565 F.3d 1037, 1041 (7th Cir. 2009); *Borrero v. City of Chicago*, 456 F.3d 698, 700 (7th Cir. 2006), and this rule is mandatory and jurisdictional. *United States v. Lilly*, 206 F.3d 756, 760 (7th Cir. 2000); *Hope v. United States*, 43 F.3d 1140, 1142 (7th Cir. 1994). Because Bailey did not file his notice of appeal until mid-January 2010–more than three years after the district court dismissed his suit and more than two years after it denied his motion to reconsider–we lack jurisdiction over this appeal.

In his reply brief Bailey argues that any untimeliness should be excused because he did not receive notice of the disposition of his "motion to reconsider" until January 2009, when the district court finally responded to his request for a status update. However, under FED. R. APP. P. 4(a)(6), the district court could reopen the time to file a late notice of appeal only if Bailey had filed a motion to reopen within 180 days after entry of the judgment or order or within fourteen days[1] after Bailey received notice, whichever came first. *In re Fischer*, 554 F.3d 656, 657 (7th Cir. 2009). Even if the district court had construed Bailey's notice of appeal as a motion to reopen, the filing still would have been untimely because both time periods in Rule 4(a)(6) had expired.

DISMISSED.

---

[1]Before this appeal, on December 1, 2009, FED. R. APP. P.4(a)(6) was amended to extend the time period for filing motions from seven days to fourteen days after receiving notice of the judgment or order.