Singh v. Holder

BIA
A096 200 156

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand thirteen.

PRESENT:

> ROBERT A. KATZMANN,
> *Chief Judge,*
> RICHARD C. WESLEY,
> PETER W. HALL,
> *Circuit Judges.*

_____

GURJIT SINGH,
     *Petitioner,*

    v.                    12-4329
                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
     *Respondent.*

_____

FOR PETITIONER:       Jaspreet Singh, Fremont, CA.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Jennifer L. Lightbody, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurjit Singh, a native and citizen of India, seeks review of an October 5, 2012, decision of the BIA denying his motion to reopen his removal proceedings. *In re Gurjit Singh*, No. A096 200 156 (B.I.A. Oct. 5, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Singh's motion to reopen, filed in May 2012, was untimely because his order of removal became final in November 2009. *See* 8 U.S.C. § 1101(a)(47)(B)(i).

Singh contends, however, that the police's continued interest in him, and an increase in violence and protests following the March 2012 sentencing of Balwant Singh Rajoana for the assassination of Beant Singh, the former Chief Minister of Punjab, constitutes a material change in country conditions excusing his motion from the applicable time limitation. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3).

Contrary to Singh's assertions, the BIA did not err in finding that Singh's evidence was insufficient to demonstrate a material change in country conditions, or in declining to credit his evidence, given that his previous claim was found not credible. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam)(affirming the BIA's denial of an untimely motion to reopen on the basis that the petitioner's evidence "was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application"). As the government points out, the country conditions reports from the time of Singh's merits hearing reflected conditions similar to those described in the

2

evidence submitted with the motion to reopen. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). Moreover, Singh's assertion—that his claim on reopening was factually distinct from his original claim—is clearly without merit in light of Singh's representations in his motion to reopen, to wit: the police searched his home because they were on the lookout for persons such as him, whose name was already in their file, and he would be caught and killed by the police if he returns to India because he has faced persecution in the past and his name is in the list of persons for whom police are on the look out. Indeed, Singh's affidavits from village officials specifically reference the three purported detentions that served as the basis for Singh's original claim. Accordingly, Singh has not demonstrated that the BIA erred in concluding that he did not establish a material change in country conditions. *See Kaur*, 413 F.3d at 234; *In re S-Y-G-*, 24 I. & N. Dec. at 253.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3