*Singh v. Lynch*

BIA
A096 200 156

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand fifteen.

PRESENT:
            REENA RAGGI,
            DEBRA ANN LIVINGSTON,
            DENNY CHIN,
                  *Circuit Judges.*

_____

GURJIT SINGH,
            *Petitioner,*

            v.                                    14-1174
                                                  NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
            *Respondent.**

_____

FOR PETITIONER:          Gurjit Singh, Pro se, Plainfield, Indiana.

FOR RESPONDENT:          Joyce R. Branda, Acting Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Hillel R.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

Smith, Attorney, Office of Immigration Litigation, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurjit Singh, a native and citizen of India, seeks review of a March 19, 2014, decision of the BIA denying his second motion to reopen. *In re Gurjit Singh,* No. A096 200 156 (B.I.A. Mar. 19, 2014). We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). We assume the parties' familiarity with the underlying facts and procedural history in this case.

An alien seeking to reopen proceedings may file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. §§ 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Singh's 2014 motion to reopen is untimely (and number barred) because the BIA issued a final order of removal in November 2009 and it was Singh's second motion. Although

these limitations do not apply if the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii), we find no abuse of discretion in the BIA's conclusion that Singh failed to make the required showing.

The BIA's determination that Singh failed to establish a material change in country conditions is supported by substantial evidence in the record; therefore, the BIA did not abuse its discretion in denying Singh's motion to reopen. *Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008). Singh's allegation that police continued to look for him based on his political activities is the same situation alleged at his 2007 merits hearing. *Norani v. Gonzales*, 451 F.3d 292, 294 (2d Cir. 2006). Because Singh's underlying asylum application was denied on credibility grounds, this reiteration of his claim is insufficient to warrant reopening. *Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (per curiam); *see also Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007).

3

Nor was the BIA required to credit Singh's affidavit evidence of two recent raids on his family's home as both affidavits also relied on the incidents proffered to support his original application, for which he was found not credible. *Kaur*, 413 F.3d at 234; *see also Qin Wen Zheng*, 500 F.3d at 147.

And, Singh's country conditions evidence does not establish changed conditions. Singh submitted the State Department's 2012 Country Report, which reflects ongoing arbitrary arrests, detentions, and extrajudicial killings, but makes no mention of an increase in these activities in comparison to prior years. Moreover, the 2006 State Department Report, in evidence at Singh's 2007 merits hearing, documents incidents of police torture and extrajudicial killings similar to those in the 2012 Report and, thus, does not support a finding of changed conditions. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence . . . demonstrates a material change in country conditions . . . [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk