Singh v. Sessions

BIA
A096 200 156

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of August, two thousand eighteen.

PRESENT:
>  JOSÉ A. CABRANES,
>  GERARD E. LYNCH,
>  RAYMOND J. LOHIER, JR.,
>   *Circuit Judges.*

_____

GURJIT SINGH,
>  *Petitioner,*

>  v.                                    17-824
>                                        NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>  *Respondent.*

_____

FOR PETITIONER:          Jaspreet Singh, Fremont, CA.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Terri J.
                         Scadron, Assistant Director; Siu
                         P. Wong, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurjit Singh, a native and citizen of India, seeks review of a March 3, 2017, decision of the BIA denying Singh's fourth motion to reopen his removal proceedings. *In re Gurjit Singh,* No. A 096 200 156 (B.I.A. Mar. 3, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of Singh's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). We review the BIA's factual findings regarding country conditions under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the final administrative decision is rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Singh's fourth motion to reopen, filed eight years after his final order of removal, was untimely and number barred.

However, the time and number limitations do not apply

2

if the motion is filed to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Evidence is not "previously unavailable" if it "could have been presented at the hearing before the IJ," *Norani v. Gonzales*, 451 F.3d 292, 294 (2d Cir. 2006), and in reviewing whether there has been a change, the BIA compares the country conditions at the time of the hearing with those at the time of the motion to reopen, *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007).

The BIA did not abuse its discretion in finding that Singh failed to establish changed country conditions. As in his three other motions, Singh alleged that the Indian police continued to search for him and were harassing his family and searching their home. Other than alleging specific visits and threats, these allegations are indistinguishable from those Singh made in his previous motions to reopen. *See Norani*, 451 F.3d at 294; *In re S-Y-G-*, 24 I. & N. Dec. at

3

253. Moreover, we have already upheld the BIA's conclusion that those allegations did not amount to changed country conditions. *See Singh v. Holder*, 541 F. App'x 121, 121-22 (2d Cir. 2013); *Singh v. Lynch*, 615 F. App'x 716, 716-17 (2d Cir. 2015).

In addition, the allegations reflect a continuation of the circumstances underlying Singh's original asylum claim. Because Singh's original claim was denied on credibility grounds, the BIA did not abuse its discretion in declining to credit Singh's family members' affidavits, which are essentially identical, and which describe the arrests as to which Singh was found not credible. *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007) (holding that BIA may rely on underlying adverse credibility determination to reject new evidence that relies on the same facts).

Nor does Singh's other evidence establish changed conditions. The news articles describing police actions against Punjabi Sikhs and their political leaders echo similar events described in articles Singh submitted during his 2007 hearing. And the State Department's 2015 Country Report documents conditions similar to those in the 2006 Report. *See In re S-Y-G-*, 24 I. & N. Dec. at 253.

4

For the foregoing reasons, the petition for review is DENIED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk