NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GARTH COOPER,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2021-1627

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-01553-PEC, Judge Patricia E. Campbell-Smith.

---

Decided:  July 7, 2021

---

GARTH COOPER, Decatur, GA, pro se.

ROBERT JOEL BRANMAN, I, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by DAVID A. HUBBERT, ANTHONY T. SHEEHAN.

---

Before MOORE, *Chief Judge*, PROST and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Garth Cooper filed a complaint in the United States Court of Federal Claims seeking money damages and injunctive relief based on a lock-in letter sent from the Internal Revenue Service ("IRS") to his employer that directed his employer to withhold income tax from Mr. Cooper's wages. Mr. Cooper now appeals the decision of the Court of Federal Claims dismissing his complaint for lack of subject-matter jurisdiction. *See Cooper v. United States*, No. 19-1553T, 2020 WL 4691614 (Fed. Cl. Aug. 13, 2020). For the reasons below, we affirm.

BACKGROUND

In December 2018, the IRS informed Mr. Cooper that he was not entitled "to claim exempt status or more than a specified number of withholding allowances" and that he had been placed in the "Withholding Compliance Program." S. App. 24–25.[1] The IRS further informed Mr. Cooper that it had issued a "lock-in letter" to his employer, Classic Cadillac Atlanta Corporation, on that basis. S. App. 25.

The lock-in letter instructed Classic Cadillac to begin withholding income tax from Mr. Cooper's wages based on withholding allowances of "0000" and a marital status of "single." *See* S. App. 25. The IRS further instructed Classic Cadillac to disregard Mr. Cooper's current Form W-4 or a new Form W-4 (unless the form would result in withholding greater than that based on the IRS's instructions). *See* S. App. 25. The IRS also informed Mr. Cooper that the changes would "increase the amount of tax withheld from [his] wages." S. App. 25. In addition, the IRS informed Mr. Cooper that he could request review of the IRS's withholding determination by contacting the IRS and that he

---

[1]    "S. App." refers to the supplemental appendix filed with the government's response brief.

could be released from the Withholding Compliance Program if he met all of his filing and payment obligations for three consecutive years. S. App. 24–25.

There is no indication that Mr. Cooper requested review by the IRS of the withholding determination. Instead, on October 2, 2019, Mr. Cooper filed a complaint against the United States in the Court of Federal Claims seeking money damages and injunctive relief. *See* S. App. 11–20. The complaint alleged that the lock-in letter violated various laws, such as provisions of the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001–3308, and certain IRS regulations, such as 26 C.F.R. § 1.6001-1(d). *See* S. App. 13–14. As to relief, Mr. Cooper requested $400,000.00 in damages and an order "for release of" the lock-in letter. S. App. 17, 20.

The Court of Federal Claims subsequently dismissed Mr. Cooper's complaint for lack of subject-matter jurisdiction. The court explained that Mr. Cooper, as the plaintiff, needed to show that his claims were based on a constitutional provision, a statute, or a regulation that could be fairly interpreted as mandating the government to provide compensation for the damages alleged. *See Cooper*, 2020 WL 4691614, at *2. The court held that Mr. Cooper's various citations in support of jurisdiction "are not money-mandating statutes that operate to create jurisdiction in this court" and dismissed his complaint on that basis. *Id.* at *3–4. Mr. Cooper then filed a motion for reconsideration, which the Court of Federal Claims denied, *see* S. App. 10.

Mr. Cooper appealed. We have jurisdiction to consider Mr. Cooper's appeal under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo the decision of the Court of Federal Claims to dismiss Mr. Cooper's complaint for lack of jurisdiction. *See Waltner v. United States*, 679 F.3d 1329, 1332

(Fed. Cir. 2012). We conclude that the Court of Federal Claims correctly determined that it lacked jurisdiction to consider the merits of Mr. Cooper's complaint.

The jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States. *See* 28 U.S.C. § 1491(a)(1). But the Tucker Act "does not create any substantive right enforceable against the United States for money damages." *United States v. Mitchell*, 463 U.S. 206, 216 (1983) (cleaned up). Rather, a plaintiff's claim for money damages must be authorized by law that is separate from the Tucker Act itself. *Id.* at 216–17. The plaintiff must demonstrate that the separate source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *Id.* at 217. In other words, if no independent source of law exists, the Court of Federal Claims must dismiss the case for lack of subject-matter jurisdiction because "the absence of a money-mandating source" is "fatal to the court's jurisdiction under the Tucker Act." *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005). The same is true for the Little Tucker Act, 28 U.S.C. § 1346(a)(2). *See United States v. Bormes*, 568 U.S. 6, 10 (2012) ("The Little Tucker Act and its companion statute, the Tucker Act, do not themselves create substantive rights, but are simply jurisdictional provisions that operate to waive sovereign immunity for claims premised on other sources of law." (cleaned up)).

Here, in arguing that the Court of Federal Claims improperly dismissed his complaint, Mr. Cooper first points to provisions of the Tucker Act and the Little Tucker Act. *See* Appellant's Br. 1 (citing 28 U.S.C. §§ 1346(a), 1491). But as discussed, these Acts do not themselves provide a basis for the Court of Federal Claims to consider the merits of Mr. Cooper's complaint.

Mr. Cooper next points to 28 U.S.C. § 2463. *See* Appellant's Br. 1–2. But this statute simply concerns whether property taken or detained under any revenue law of the United States is "repleviable." *See* 28 U.S.C. § 2463. The statute therefore is not money-mandating because it does not "grant[] the claimant, expressly or by implication, a right to be paid a certain sum." *Ontario Power Generation, Inc. v. United States*, 369 F.3d 1298, 1301 (Fed. Cir. 2004) (cleaned up); *see Upshur v. United States*, 135 Fed. Cl. 712, 713 (2017) (holding that § 2463 is not "a money-mandating statute that confers jurisdiction" on the Court of Federal Claims).

Next, Mr. Cooper points to a variety of statutes that concern tax- or debt-collection actions such as garnishment and the execution of federal judgments. *See* Appellant's Br. 2 (citing 5 U.S.C. § 5520a and 28 U.S.C. §§ 3002, 3101, 3104, 3203). But these statutes are simply inapplicable to Mr. Cooper's complaint, which is based on the lock-in letter and the withholding it describes, not tax or debt collection. *See, e.g.*, *Cleveland v. Comm'r*, 600 F.3d 739, 742 (7th Cir. 2010) ("Withholding . . . occurs throughout the tax year while the tax liability is inchoate."); *Titus v. Comm'r*, 354 F. App'x 335, 335 (10th Cir. 2009) (explaining that a "lock-in letter does not constitute a notice of determination" and that a "lock-in letter is not a levy" (cleaned up)). Indeed, there is no indication that Mr. Cooper has filed or alleged a claim for a tax refund. Accordingly, none of 5 U.S.C. § 5520a and 28 U.S.C. §§ 3002, 3101, 3104, 3203 confer jurisdiction on the Court of Federal Claims in this case.

Finally, regarding Mr. Cooper's request "for release of" the lock-in letter, the Court of Federal Claims cannot entertain claims for injunctive relief, except in narrowly defined circumstances not applicable here. *See, e.g.*, 28 U.S.C. § 1491(b); *Kanemoto v. Reno*, 41 F.3d 641, 644–45 (Fed. Cir. 1994).

CONCLUSION

We have considered Mr. Cooper's remaining arguments but find them unpersuasive. For the foregoing reasons, we affirm the decision of the Court of Federal Claims.

**AFFIRMED**

COSTS

No costs.